Argued November 2, 1967, affirmed May 15, 1968

IN THE MATTER OF PETER BRENT ZAUNER, A CHILD
STATE OF OREGON, *Respondent, v.*
PETER BRENT ZAUNER,
*Appellant.*
Marion County Court No. 12265
441 P. 2d 83

*M. Chapin Milbank,* Salem, argued the cause and filed briefs for appellant.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

Peter Zauner was either 16 or 17 years of age at the time of the proceedings which are the subject of this appeal. A petition was filed in Juvenile Court alleging that he was within the jurisdiction of the Juvenile Court because he had killed a girl while attempting to commit rape. A hearing was held and his case was remanded to an adult court for trial. Zauner appeals from the juvenile proceedings upon the sole ground that the order of remand is erroneous.

The order of remand recites:

"3. If in fact the above-named child committed the offense charged in the petition: [and then sets out the reasons why the case is remanded to the criminal court]

"* * * * * *"

Zauner contends that a juvenile cannot be remanded without a finding that he committed an act which, if done by an adult, would be a crime and such a finding was not made in this instance. He further contends, and this is not contested by the State, that there was no evidence in the remand hearing connecting Zauner with the crime; the evidence was limited to proving a violent death.

Zauner's argument is that the statutes require the State to prove that the juvenile committed a crime in order to establish the jurisdiction of the Juvenile Court and that without first obtaining jurisdiction by such procedure the Juvenile Court has no jurisdiction to remand.

Zauner's argument is based upon the following statutes:

ORS 419.476 provides:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or of a state, county or city; or

"* * * * *."

ORS 419.500 provides:

"(1) The facts alleged in the petition showing the child to be within the jurisdiction of the court as provided in subsection (1) of ORS 419.476, unless admitted, must be established by a preponderance of competent evidence. * * *"

ORS 419.533 provides:

"(1) A child may be remanded to a circuit, district, justice or municipal court of competent jurisdiction for disposition as an adult if:

"(a) The child is at the time of the remand 16 years of age or older; and

"(b) The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child and the public.

"* * * * *."

■ We conclude that a more reasonable interpretation of the Juvenile Code is that if a child of 16 or 17 years of age is charged with committing a crime, the Juvenile Court has jurisdiction to hold a hearing and determine whether the best interests of the child and the public will be served by having the Juvenile Court or an adult court make the determination of whether the act was committed and if so, what should be done with the juvenile.

■ If the child's argument were followed, the Juvenile Court would first have to decide if the act was committed and then remand the case for a trial by an adult court to determine if the act had been committed. That this is not the intent of the statutes is pointed up by that portion of the remand statute which authorizes a remand if the child has committed "or is alleged to have committed a criminal offense." ORS 419.533.

*In re Gault,* 387 US 1, 87 S Ct 1428, 18 L ed2d 527 (1967), only requires a hearing and a determination by some judicial body of whether the act charged has been committed. We do not interpret it as requiring that a juvenile court make an initial determination that the act charged has been committed before it has the authority to remand the cause to an adult court for a determination of the same issue.

Affirmed.