**Peter Brent ZAUNER, Petitioner,**

v.

**Hoyt C. CUPP, Warden, Oregon State Penitentiary, Respondent.**

**Civ. No. 68–584.**

United States District Court,
D. Oregon.

July 8, 1969.

334

Lee Johnson, Atty. Gen. of Or., David H. Blunt and Deane S. Bennett, Asst. Attys. Gen., Salem, Or., for respondent.

M. Chapin Milbank, Brown, Schlegel, Bennett & Milbank, Salem, Or., for petitioner.

## OPINION

SOLOMON, Chief Judge:

Petitioner was convicted of "committing first-degree murder by killing a woman while attempting to commit rape." State v. Zauner, 250 Or. 105, 441 P.2d 85 (1968). He seeks habeas corpus relief in this Court. 28 U.S.C. § 2241 et seq.

Petitioner was 16 or 17 when he committed the offense. The juvenile court remanded his case to the circuit court. Petitioner claims the applicable statute required the juvenile court to first determine that he committed the offense. The Oregon Supreme Court in-

terpreted the statute differently. It said that "the Juvenile Court has jurisdiction to hold a hearing and determine whether the best interests of the child and public will be served by having the Juvenile Court or an adult court make the determination of whether the act was committed and if so, what should be done with the juvenile." State v. Zauner, 250 Or. 101, 441 P.2d 83, (1968). The proper interpretation of the Oregon statute does not raise a federal question.

Petitioner contends that the Oregon Supreme Court's interpretation of the Oregon statute denies him due process of law. He cites In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Gault guarantees juveniles certain procedural rights at the adjudicatory stage of criminal proceedings. It does not require that those proceedings occur before a juvenile rather than an adult court, or that the juvenile court make certain findings before remanding a case to an adult court.

Petitioner contends he was denied due process when the state court submitted his case to the jury on a felony-murder theory. He asserts that there was no evidence of the felony—attempted rape. A state conviction cannot stand if there is no evidence to support it. Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). Here, the State Supreme Court determined that there was sufficient evidence from which a jury could determine that Petitioner attempted to rape his victim. 441 P.2d at 86–89. I agree with the State Court.

Petitioner contends that he was denied due process when the trial court permitted him to inspect only that portion of a witness's notes which pertained to the witness's testimony. Whatever the merits of this contention, I do not believe it raises a question under the laws or Constitution of the United States.

Petitioner is properly in the custody of the respondent. The petition for a writ of habeas corpus is discharged.