Argued September 20, affirmed October 12, 1972

STATE ex rel JUVENILE DEPARTMENT OF
MARION COUNTY, *Respondent, v.* DAVID
LYNN DUNSTER (No. 17,446), *Appellant.*

501 P2d 996

*Mark L. B. Wheeler,* Salem, argued the cause and filed the brief for appellant.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause for respondent. With him on the brief was H. Robert Hamilton, Deputy District Attorney, Salem.

Before SCHWAB, Chief Judge, FOLEY and THORNTON, Judges.

FOLEY, J.

On May 19, 1972, at Woodburn, Oregon, Mrs. Della Marie Brockamp was shot to death. On June 5, 1972, defendant, David Lynn Dunster, was taken into temporary custody by Oregon State Police officers and placed in juvenile detention. A petition was filed on June 6, 1972, alleging that the defendant, while in the course of and in furtherance of the crime of rape ·in the first degree, caused the death of Mrs. Brockamp. At the time the petition was filed the defendant was 17 years of age.

An attorney was appointed for the juvenile and following preliminary proceedings in juvenile court a remand study was conducted and a Motion for Remand filed. At the hearing on the Motion for Remand the remand study, recommending that defendant be remanded to adult court, was received by the court. After hearing extensive testimony from witnesses called by the petitioner and the juvenile, the juvenile court ordered that defendant be remanded to the Marion County District Court for disposition as an adult.

On appeal from the Order of Remand, defendant raises three assignments of error: (1) that the court erred in refusing to allow defendant to inquire into the factual basis of the petition at the remand hearing; (2) that the court erred in denying defendant's motion to give the juvenile counselor who prepared the remand study time to reconsider his recommendation of remand; (3) that the remand statute, ORS 419.533, is unconstitutional.

■ (1). At the remand hearing defendant's counsel attempted to inquire into the basis of the information and belief upon which the petition was filed. The court sustained objections to such questions on the basis that the sole question before the court at the remand hearing is which system is better suited to protect the public and assist the child involved. We are satisfied that the court was correct in so ruling.

ORS 419.533 (1) provides that a child may be remanded for disposition as an adult if:

"* * * * *

"(a) The child is at the time of the remand 16 years of age or older; and

"(b) The child committed or is alleged to have

committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child and the public."

The statute thus contains no requirement that a factual basis for the petition be established at the remand hearing since it provides that the child may be remanded if he is "* * * alleged to have committed a criminal offense * * *." In *State v. Zauner*, 250 Or 101, 104, 441 P2d 83 (1968), the Oregon Supreme Court stated that the remand statute does not require

"* * * that a juvenile court make an initial determination that the act charged has been committed before it has the authority to remand the cause to an adult court for a determination of the same issue."

And in *State v. Weidner*, 6 Or App 317, 324, 487 P2d 1385 (1971), this court stated that at the remand hearing

"* * * the principal consideration is whether the juvenile court process or the adult court process is better suited to protect the public and assist the individual involved. * * *"

Defendant relies upon *Kent v. United States*, 383 US 541, 86 S Ct 1045, 16 L Ed 2d 84 (1966), for his contention that inquiry into the factual basis for the allegation that the accused committed a crime must be allowed at a remand hearing. We are satisfied that *Kent* makes no such requirement.

Defendant has cited a number of cases involving the determination of probable cause in adult criminal proceedings and suggests that they are directly applicable to juvenile proceedings. However, the dis-

tinctions between the adult and juvenile systems have not yet been abolished, *see McKeiver v. Pennsylvania,* 403 US 528, 91 S Ct 1976, 29 L Ed 2d 647 (1971). The applicability of a particular adult procedure must be judged in the light of the purposes of the juvenile system and of "fundamental fairness." *McKeiver v. Pennsylvania,* supra; *In re Gault,* 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967).

One benefit of the juvenile system is the discretionary intake procedure which permits flexible disposition. *McKeiver v. Pennsylvania,* supra. In the remand situation, as throughout the pre-adjudication procedure, the touchstone is the best interest of the child and the public. The court's judgment on this issue should not be clouded by the specific facts of the incident which the child is alleged to have committed.

■ We agree with the trial court that defendant's contention of lack of probable cause was untimely. Once the juvenile court makes its remand decision, adequate procedures exist in either court system to determine probable cause. In addition, of course, the remedy of habeas corpus is available to test the constitutionality of any detention.

■ (2). Defendant's second assignment of error is that the court erred in denying his "motion" to allow the juvenile counselor time to reconsider his recommendation of remand. We are unable to find any indication in the transcript that such a motion was ever made. Defendant directs our attention to a stipulation contained in the Order Settling Transcript that, "Counsel for the child renewed all motions and took exception to all rulings." Such a stipulation cannot fill the void where there was no motion and no ruling in the first place. However, assuming that the motion for an

extension of time was made and denied, we find no error.

■ Defendant contends the court should have explored further the possibility of treating defendant as a probation violator in California and for this purpose should have allowed the juvenile counselor who prepared the remand study further time to consider his remand recommendation. Defendant's contention is that the California youth facilities are more adequate than those in this state. Defendant is obviously correct in his assertion that the best interest of the child is of paramount importance. But the remand statute requires that the court also consider the interest of the public. The court found that the notion of processing a murder accusation as no more than an out-of-state juvenile probation violation is not consistent with the public interest and no further time should be spent in exploring this possibility. We cannot disagree with this finding of the court.

■ (3). Finally, defendant contends that the remand statute, ORS 419.533, is unconstitutional in that it deprives defendant of the equal protection of the law. This precise argument was rejected by the Oregon Supreme Court in *State v. Little*, 241 Or 557, 407 P2d 627 (1965), *cert denied* 385 US 902 (1966).

Affirmed.