Argued March 2, peremptory writ allowed July 1, 1976

STATE ex rel FRED SEGREST, *Plaintiff,*
*v.*
BRADSHAW et al, *Defendants.*

551 P2d 456

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for petitioner. With him on the brief were Lee Johnson, Attorney General, and Catherine Allan, Assistant Attorney General.

*Elizabeth Welch,* Portland, argued the cause for defendants.

*David L. Slader,* Metropolitan Public Defender, Child Advocacy Project, Portland, filed a brief amicus curiae.

McALLISTER, J.

## McALLISTER, J.

This is an original proceeding in mandamus. Relator Segrest is the Administrator of the state's Children's Services Division ("the Division"). The alternative writ is directed to Judges Bradshaw and Blanding of the Clackamas County Circuit Court, and challenges the authority of that court, exercising its juvenile court jurisdiction, to make two orders entered in the same termination of parental rights proceeding. A petition was filed for an alternative writ of mandamus directed to each judge, which this court allowed and consolidated into one proceeding. Defendants have filed an answer to the alternative writ, asking that it be dismissed on the ground that they have exercised their authority in conformity to the laws.

One of the orders at issue in this proceeding directs the Division to provide legal representation for the children of Audrey George, pending an appeal from the order of the juvenile court in a proceeding to terminate Audrey George's parental rights; the second directs the Division to reimburse the court for the cost of court-appointed counsel who represented two of the same children in a hearing for determination of visitation privileges. In each instance, the Division refused to comply with the order, and now seeks to have them both vacated.

The following statutes deal with the appointment and payment of counsel in juvenile court proceedings:

ORS 419.498(2):

"If the child, his parent or guardian requests an attorney but is without sufficient financial means to employ an attorney, the court shall appoint an attorney to represent him. The court may appoint an attorney to represent the child in any case. An attorney appointed pursuant to this subsection shall be paid a reasonable fee fixed by the court, to be paid in the same manner as fees for attorneys appointed in criminal cases in the circuit court. * * *"

ORS 419.563(1):

"If the child, parent or guardian is shown to be with-

out sufficient financial means to employ an attorney to represent the person in an appeal as provided in ORS 419.561 [providing for appeals by any person whose right or duties are adversely affected by a final order of the juvenile court], the court, upon request of the person or upon its own motion, shall appoint an attorney to represent the person. An attorney appointed pursuant to this section shall be paid a fee fixed by the appellate court, to be paid on the same basis as fees for attorneys appointed on appeals in criminal cases from the circuit court. * * *"

Fees for attorneys appointed for criminal cases, and for criminal appeals, are paid by the county in which the original proceedings are held or from which the appeal is taken. See ORS 135.055; 138.500.

These statutes would appear, on their face, to dispose of the question of payment for appointed counsel in juvenile court proceedings. However, at the time of the juvenile court proceedings in this case, the law governing the right of the child to independent counsel in termination proceedings was embodied in *State ex rel Juv. Dept. v. Wade,* 19 Or App 314, 335, 527 P2d 753, 528 P2d 1382 (1974), rev. denied; appeal dismissed, 46 L Ed 2d 27, 96 S Ct 16 (1975), in which the Court of Appeals had held that:

"* * * in *all* termination proceedings there are potential conflicts between the interests of the children and those of both the state and the parents, and [we] thus hold that independent counsel must represent the children in all termination proceedings. * * *" 19 Or App at 323.

In *Wade* the children were represented on appeal by the Child Advocacy Project of the Metropolitan Public Defender, acting under a contract with the Division. In response to a challenge to the Public Defender's standing to represent the children, the Court of Appeals also said, in a footnote:

"* * * We find that the Children's Services Division has the authority *and duty* pursuant to ORS 419.519(2) and 419.521(1)(e) to provide children in its custody with legal representation and thus was *within its authority* in

contracting with the Child Advocacy Project for such representation in termination-of-parental-right proceedings and in retaining counsel for this appeal. * * *" 19 Or App at 318, fn. 1. (Emphasis added.)

ORS 419.519(2), cited by the Court of Appeals in that footnote, provides that a person, agency or institution which has legal custody of a child has the duty and authority to, among other things, "supply the child with food, clothing, shelter and incidental necessaries." The juvenile court in the present case apparently reasoned that the primary holding in *Wade* made independent counsel a "necessary" for the children which the Division, as legal custodian, had a duty under ORS 419.519(2) to provide.

We do not believe that the Court of Appeals necessarily so held in *Wade.* That court's reference to ORS 419.519(2) was in support of its holding that the Division was authorized to contract for legal representation for the children in its care. It was not asked to determine whether the Division was obligated to do so in all cases.

Moreover, after the orders involved in this case were entered, the Court of Appeals overruled the strict rule of *Wade* in *F. v. C.,* 24 Or App 601, 547 P2d 175, rev denied (1976), in which it adopted a more flexible rule requiring independent counsel when, in the judgment of the trial court, it is necessary in the particular case for the protection of the child's interests. We are not informed by the record in this case as to why the Division, prior to the decision in *F. v. C.,* refused to provide counsel for these children. The record does disclose, however, that the children have received independent representation in the juvenile court. So far as we are informed, the appeal has not yet been taken, and the juvenile court may yet exercise its authority under ORS 419.563(1) to appoint counsel to represent the children on appeal. The question directly presented here, then, is not whether that representation must be provided, but, simply, who is to pay for it when it is provided.

It is true that at the time the orders complained of were made, *Wade* required that the children be provided with independent legal representation. It is also true, as defendants argue, that in connection with its contract for legal services to be provided by the Child Advocacy Project, the Division had internally taken the position that this representation was a "necessary" which it was authorized to provide.

■■ Although the general terms of ORS 419.519(2) are broad enough to make the provision of legal representation for the child the responsibility of the legal custodian in cases where that representation is required to protect the child's interests, we do not believe that those general terms can be held to control when the legislature has provided elsewhere, and in specific terms, for the appointment of counsel by the juvenile court and for payment in the same manner as in criminal appointments—that is, by the county. ORS 419.498(2) and 419.563(1).[1] Those statutes give the juvenile court the authority to appoint counsel to represent the child even in the absence of a specific request for representation. In exercising that authority, the juvenile courts will now be guided by the Court of Appeals' opinion in *F. v. C.* We need not decide in this case whether, should the juvenile court in a particular case determine that independent legal representation is not required, the Division may nevertheless, as custodian, determine that such representation is a "necessary" which it is authorized to provide under ORS 419.519(2). We do not, however, believe that such a procedure would necessarily be inconsistent with our present holding.

Since the statutes provide for appointment of counsel by the juvenile court under appropriate circumstances and for payment of attorney fees by the county, a peremptory writ will be issued.

---

[1] See *Thompson v. IDS Life Ins. Co.,* 274 Or 649, 656, 549 P2d 510 (1976); *State v. Pearson,* 250 Or 54, 58, 440 P2d 229 (1968).