Argued on answer to alternative writ October 4, peremptory writ to be issued December 23, 1976

STATE ex rel FRED SEGREST, *Plaintiff,*

*v.*

VAN HOOMISSEN, *Defendant.*

557 P2d 661

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for plaintiff. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*John D. Burns,* Portland, argued the cause and filed a brief for defendant.

BRYSON, J.

**BRYSON, J.**

This is an original proceeding in mandamus. Plaintiff (relator) Segrest is the administrator of the Children's Services Division (the "Division"). The alternative writ alleged that the defendant presided in two cases involving two juvenile children and entered an order "to conduct an examination and evaluation of both parents, of the stepfather and of the minor child in the ["W"] proceedings" and of the father of the minor child in the "S" proceeding. The defendant further ordered that the doctor's fee for the psychiatric evaluations be paid by the Division.

Plaintiff (the "Division") moved to modify the order by striking "that portion requiring the Division to pay for the professional services for the parents and stepfather of the minor * * *." The plaintiff did not object to paying for psychiatric services rendered on behalf of the children. Thereafter, the defendant denied the plaintiff's motion to modify and plaintiff filed this mandamus proceeding asking this court "to vacate that part of * * * [the] * * * order[s] requiring the Children's Services Division to pay for the psychiatric testing of the parents and stepfather of the minor child [children]."

In each case the court placed the children in the temporary custody of the Division pursuant to ORS 419.507[1] and secured psychiatric evaluations of the parents by a doctor to aid in determining who would have custody of the children.

The narrow issue presented concerns who is to pay for the psychiatric evaluations of the parents of the children.

---

[1] ORS 419.507 provides:

"* * * Where a child has been found to be within the jurisdiction, and when the court determines it would be in the best interest and welfare of the child, the court may:

"* * * * *.

"(2) Place the child in the legal custody of the Children's Services Division for care, placement and supervision.

"* * * * *."

Both parties argue the comparative authority, duty and power of the Division and the juvenile courts and who is responsible for payment of a doctor's psychiatric examination. It seems rather incongruous that litigation would arise as to which of two tax supported bodies would pay for this kind of medical service. The taxpayer pays in either instance—either from an excise tax via the general fund and legislative appropriations or by county funds realized from a levy and tax on real property.

This was the issue in *State ex rel Segrest v. Bradshaw,* 275 Or 431, 551 P2d 456 (1976), a mandamus proceeding, wherein the circuit court ordered the Division to pay or "reimburse" court-appointed counsel representing children in juvenile court matters. The trial court in that case ordered the Division to provide and pay for legal counsel for the *child.* In *State ex rel Segrest v. Bradshaw, supra* at 436, we reasoned:

> "Although the general terms of ORS 419.519(2) are broad enough to make the provision of legal representation for the child the responsibility of the legal custodian in cases where that representation is required to protect the child's interests, we do not believe that those general terms can be held to control when the legislature has provided elsewhere, and in specific terms, for the appointment of counsel by the juvenile court and for payment in the same manner as in criminal appointments—that is, by the county. * * *"

Here, the Division paid for the psychiatric examination of the child and contests paying for the psychiatric examination of the parents.

ORS 418.015(2) provides:

> "(2) The Children's Services Division shall accept any child placed in its custody by a court under, but not limited to ORS chapter 419, and shall provide such services for the child as the division finds to be necessary."

ORS 419.519 provides:

"A person, agency or institution having legal custody of a child has the following duties and authority:

"* * * * *.

"(4) To authorize ordinary medical, dental, psychiatric, psychological, hygienic or other remedial care and treatment *for the child,* and, in an emergency where the child's safety appears urgently to require it, to authorize surgery or other extraordinary care.

"* * * * *." (Emphasis added.)

In contrast to the above statutes, ORS 3.250 defines "court services" in "Juvenile and Family-Related Matters" as follows:

"* * * * *.

"(2) 'Court services' includes but is not limited to services and facilities relating to intake screening, juvenile detention, shelter care, investigations, study and recommendations on disposition of cases, * * * family counseling, conciliation in domestic relations, group homes, and psychological or psychiatric or medical consultation and services provided at the request of or under the direction of the court, whether performed by employes of the court, by other government agencies or by contract or other arrangement.

"* * * * *."

ORS 3.280(3) provides:

"(3) The compensation and expenses of personnel performing or providing court services and the expenses of providing court services shall be determined by the circuit court and shall be subject to the approval of and be paid by the county or counties making up the judicial district, subject to the Local Budget Law. * * *"

ORS 3.250(2) indicates that the court can order such psychiatric or medical consultation as it requires as an aid in determining what is best for the child. However, under the reasoning employed in *State ex rel Segrest v. Bradshaw,* supra, these statutes also determine that in the event the court does provide such services they shall be paid for by the county.

We have examined the statutes and find no provi-

sion that requires the Division to render services for parents or to pay for psychiatric examinations of any person not in the custody of the Division.

We find ORS 3.280(3) controlling in the instant case, and the county must pay for any psychiatric services rendered in examining the parents of children pursuant to the court's order. Defendant argues that this provision is inapplicable under the facts of this case since psychiatric evaluations of parents that are ordered by the court incident to a custody proceeding are for the benefit of the child, rather than the court, and that consequently the Division should pay. We cannot agree with this contention. If defendant's argument is correct, all of the expenses defined as "court services" under ORS 3.250(2), including "services and facilities relating to intake screening, juvenile detention, shelter care" and other miscellaneous services therein provided, would be paid by the Division.

We conclude that the statutes provide for payment of the fees involved in this case by the county and, accordingly, a peremptory writ will be issued.