In the Matter of Sonny J. Maginnis, a Child.
STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY and MAGINNIS, A
CHILD, *Respondents,*
*v.*
MAGINNIS, *Appellant.*
(No. 56,664, CA 7185)
561 P2d 1044

Julia L. Boston, Portland, argued the cause and filed the brief for appellant.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent State ex rel Juvenile Department of Multnomah County. With him on the brief were James A. Redden, Attorney General, Salem, and Larry D. Goren, Deputy District Attorney, Portland.

No appearance by respondent Sonny J. Maginnis.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

LEE, J.

**LEE, J.**

Based on its finding that defendant-mother's mental and emotional illness constituted a condition seriously detrimental to her child—a two-year-old son—and that the integration of the child into her home in the foreseeable future was improbable due to the fact that her condition was not likely to change, the circuit court entered an order terminating her parental rights and permanently committing the child to the Children's Services Division for "supervision, planning and possible adoptive placement."[1]

The essential findings of the court were in part based upon the testimony of a psychiatrist who had examined defendant at the court's request; on appeal defendant contends that the court had no authority to order the examination or to "continue" the termination proceeding pending the receipt of its results. In *State ex rel Segrest v. Van Hoomissen,* 276 Or 1077, 557 P2d 661 (1976), however, the Supreme Court explicitly acknowledged that a juvenile court does, in fact, have the authority to order a psychiatric or medical evaluation of a parent where that evaluation is helpful as an aid in determining what is best for the child—the central inquiry in a termination proceeding as well as all other juvenile proceedings. *State ex rel Juv. Dept. v. K.M.S.,* 26 Or App 219, 552 P2d 578, Sup Ct *review denied* (1976). Accordingly, the court did not exceed its authority in this case when it continued the matter until it had before it the psychological evaluation to which it was entitled.

Affirmed.

---

[1] ORS 419.523; 419.527. The child, who has lived with his maternal grandparents since his birth, had been found to be within the jurisdiction of the juvenile court two months before the petition for termination was filed. ORS 419.476.