Argued November 27, affirmed December 26, 1978

In the Matter of Richard Bernard Dahl, a child.
STATE ex rel JUVENILE DEPARTMENT OF
GILLIAM COUNTY, *Respondent,*
*v.*
DAHL, *Appellant.*
(No. 6293-E, CA 11196)

588 P2d 132

Larry Schmauder, John Day, argued the cause and filed the brief for appellant.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

A petition was filed in the juvenile department of the circuit court for Gilliam County alleging that Richard Bernard Dahl, a 17-year-old boy, unlawfully and intentionally caused the death of LeRoy Wine by shooting him with a shotgun. Petitioner requested, and the court held, a remand hearing resulting in an order that the boy be remanded to adult criminal court. The defendant has appealed from that order, raising three assignments of error, only one of which merits discussion.

ORS 419.533(1) provides that a child may be remanded for disposition as an adult if:

"(a) The child is at the time of the remand 16 years of age or older;

"(b) The child committed or is alleged to have committed a criminal offense or a violation of a municipal ordinance; and

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court.

"* * * * *."

At the remand hearing, the state introduced testimony regarding the specific facts of the alleged offense. Defendant objected to such testimony, relying on *State ex rel Juv. Dept. v. Dunster,* 11 Or App 102, 501 P2d 996 (1972), which he contends prohibits evidence of the underlying alleged offense on the grounds that it is not relevant.

However, defendant's reliance on *Dunster* is misplaced: it holds that the juvenile in a remand proceeding may not inquire into the "basis of the information and belief upon which the petition was filed" in order to establish lack of probable cause. We pointed out that once a remand decision is made, adequate procedures exist to determine probable cause. *Dunster* has no application to the issue involved here.

[ 841 ]

■ Defendant apparently relies on the *dictum* in *Dunster* where we said:

> "One benefit of the juvenile system is the discretionary intake procedure which permits flexible disposition. *McKeiver v. Pennsylvania,* supra [403 US 528, 91 S Ct 1976, 29 L Ed 2d 647 (1971)]. In the remand situation, as throughout the pre-adjudication procedure, the touchstone is the best interest of the child and the public. The court's judgment on this issue should not be clouded by the specific facts of the incident which the child is alleged to have committed." 11 Or App at 106.

The last sentence seemingly supports defendant's position, but it was unnecessary to the decision and is contrary to the holdings of this court in *State ex rel Juv. Dept. v. Kent,* 31 Or App 1219, 572 P2d 1219 (1977), and *State ex rel Juv. Dept. v. Johnson,* 11 Or App 313, 501 P2d 1011 (1972). In certain cases, especially those involving acts of violence, the specific facts of the alleged offense will be relevant, not to the issue of whether the juvenile actually committed the offense, which is irrelevant under the statute, but on the issue of determining whether it is in the best interests of the child for the juvenile court to retain jurisdiction. Facts of the underlying offense and the manner of its commission may shed light on the sophistication of the child, his motivation, comprehension, truthfulness and remorse. Those factors have a bearing on whether the child is amenable to rehabilitation in the juvenile system, which is one of the primary questions before the court in a remand hearing. *State ex rel Juv. Dept. v. Kent, supra.* We expressly disapprove the last sentence of the language quoted above from *Dunster,* but not the holding of that case.

■ In this case the testimony on the facts of the offense tended to show that the behavior of the child was not impulsive but was a planned action. That factor, along with the others examined by the court below and incorporated in its findings, support a remand. We agree.

Affirmed.