Argued and submitted March 2, affirmed August 12, 1992

In the Matter of
Engeweiler, Conrad Robert, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Conrad Robert ENGEWEILER,
*Appellant.*

(9002-80469; CA A66013)

836 P2d 157

Gary B. Bertoni, Portland, argued the cause for appellant. With him on the brief was Saxon, Marquoit & Bertoni, Portland.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Child appeals from an order of the juvenile court remanding him to adult court. He claims that the juvenile court did not have authority to order psychological evaluations in preparation for the remand hearing and that there was insufficient evidence to support the court's finding that it was in child's best interests and in the best interests of society to remand him. We review *de novo, State ex rel Juv. Dept. v. Slack*, 17 Or App 57, 520 P2d 905, *rev den* (1974), and affirm.

On February 22, 1990, child was arrested and charged with rape, sodomy and murder. The next day, the state filed a petition in juvenile court alleging that he was within the jurisdiction of that court. On March 15, the state filed an amended petition alleging that child had committed aggravated murder, murder, rape and sodomy. It also moved to remand him to an adult court. On motion by the state and in preparation for the remand hearing, the juvenile court ordered psychological examinations of child.[1] After the remand hearing, during which it received in evidence the results of the psychological examinations, the juvenile court found that it was in the best interests of child and society that child be remanded for trial in an adult court.

■ ■ Child argues that the juvenile court was without authority to order the psychological evaluations, because he was not within the jurisdiction of that court under ORS 419.476(1).[2] No finding of jurisdiction pursuant to that statute has been made in this case. However, assuming without deciding that child is not within the juvenile court's jurisdiction under ORS 419.476(1), the court is not without the authority to act. Other statutes authorize the juvenile court

---

[1] The order for psychological examinations was made with the limitations that the evaluations not include any discussion of the facts alleged in the petition or the charges against child and that the examinations and their results not be used for any purposes other than the remand hearing.

[2] ORS 419.476(1) provides, in part:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city[.]"

to perform certain duties and functions before jurisdiction over a child is found.

ORS 419.482 provides:

"(1)   Any person may file a petition in the juvenile court alleging that a child named therein is within the jurisdiction of the court as provided in ORS 419.476(1).

"* * * * *

"(4)   At any time after a petition is filed, the court * * * may remand the case to the appropriate court handling criminal actions * * *."

The statute contemplates that remand hearings can be conducted after a petition is filed but before the juvenile court has determined whether a child is within its jurisdiction. The Supreme Court has upheld the authority of juvenile courts to conduct remand hearings under those circumstances:

"[T]he Juvenile Court has jurisdiction to hold a hearing and determine whether the best interests of the child and the public will be served by having the Juvenile Court or an adult court make the determination of whether the act was committed and if so, what should be done with the juvenile." *State v. Zauner,* 250 Or 101, 104, 441 P2d 83 (1968).

Before making a remand decision, a juvenile court must *determine* and consider such factors as the child's amenability to treatment and current emotional and physical health. ORS 419.533(1)(d).[3] In making that determination, it may use court services, which are defined by ORS 3.250(2) to include

"psychological or psychiatric or medical consultation and services provided at the request of or under the direction of the court * * *."

---

[3] ORS 419.533 provides, in relevant part, that, "after a hearing[, a juvenile court] * * * may remand a child" to circuit, district or municipal court if

"(d)   The juvenile court, after considering the following criteria, determines by a preponderance of the evidence that retaining jurisdiction will not serve the best interests of the child and of society and therefore is not justified:

"(A)   The amenability of the child to treatment and rehabilitation * * *;
"* * * * *

"(D)   The previous history of the child, including:

"(i)   Prior treatment efforts and out-of-home placements; and

"(ii)   The physical, emotional and mental health of the child[.]"

A juvenile court has authority to order psychiatric evaluations in aid of determining, in a remand hearing, what is best for the child and society, as well as in a trial to determine the guilt or innocence of a child accused of criminal conduct. *See State ex rel Juv. Dept. v. Fox*, 51 Or App 257, 260, 625 P2d 163 (1981); *see also State ex rel Segrest v. Van Hoomissen*, 276 Or 1077, 1081, 557 P2d 661 (1976).

■        In child's other assignment of error, he argues that there is insufficient evidence to support the juvenile court's determination that it was in his best interests and in the best interests of society to remand him to adult court. The juvenile court is required by statute to make that determination by a preponderance of the evidence, ORS 419.533(1)(d), and to "make a specific, detailed, written finding of fact supporting" that determination. ORS 419.533(2). On *de novo* review, we find that the juvenile court was justified in remanding child.

The juvenile court found, and we agree, that child has a history of uncharged property crimes, that those events led to attempts at counseling and treatment of child for drug abuse and addiction and that those efforts were ineffective. We also agree with the juvenile court's findings that child's criminal activity, truancy, drug abuse and disregard for parental and other authority had all steadily increased and that his

> "physical health is fine and he does not suffer from any major mental illness. * * * [H]e suffers from personality and behaviorial problems of some seriousness. The cases certainly have prosecutive merit, the gravity of the injury is of the utmost as is the aggressive violent behavior which is alleged."

Finally, the juvenile court found:

> "The real concern of the Court in determining whether or not to remand this child is balancing the likelihood of successful treatment within the time frame possible under the juvenile system versus the risks that the child is not treatable, is not willing to be treated or will not be able to be treated within the Juvenile Court time frame. The absolutely [sic] appropriate program for this child is SITP [the Secure Intensive Treatment Program] at MacLaren School for Boys. If he is to be treated at all, this is the only place where it is possible. The court finds that little if any treatment is even possible should an inmate choose to participate in the adult system. If the child is to be treated it would be in the Juvenile Court

system. But the question remains[,] is the child amenable to treatment within the time frame allowed. If the child will not participate in treatment or if the child determines to simply wait out his time rather than face the tremendous work in treatment, he would remain in the MacLaren system, would not improve at all and would be released by age 21 with no supervision and no further requirements. The question then becomes whether or not the community is safe. Untreated, this child poses a threat to the community. Remanding the child to the adult system offers two key safeguards; 1) hopefully the threat of adult incarceration will motivate the child to participate in the MacLaren program and to stay in that program as long as is possible, and; 2) the child will be released eventually on parole supervision and although parole may not be terribly lengthy, it at least gives us some way of requiring the child to stabilize himself in the community.''

We agree with the juvenile court's findings. The juvenile court received reports or testimony from 2 clinical psychologists and a psychiatrist. Each testified that child suffers personality and behavioral dysfunctions and would require at least 4 or 5 years of rehabilitative treatment. Each strongly recommended that child be placed in SITP at MacLaren until he is 21.[4] All but one of the clinical psychologists recommended that child be remanded to an adult court to ensure supervision beyond his 21st birthday.

The juvenile court also heard testimony from a correctional counselor at MacLaren that, if child were convicted in the juvenile court system and placed in SITP, he would be transferred to a less structured program before his release at the age of 21. However, if he were remanded to adult court, convicted and then placed in SITP, he could remain there until his 21st birthday, when he would be sent to OSCI and probably get into another, although less rigorous, counseling program. We concur in the juvenile court's concern that child receive extended supervision, which is justified by the expert testimony and reports, and in its conclusion that extended supervision is most probable only through remand to an adult court.

Affirmed.

---

[4] At the time of the alleged conduct, child was 15 years old. He was 16 at the time of the remand hearing and is now 18.