Submitted August 2, reversed September 18, 2019

In the Matter of R. N.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. D. B.,
aka C. F.,
*Appellant.*

Multnomah County Circuit Court
18JU05488;
Petition Number 113284;
A170508

450 P3d 1032

Xiomara Y. Torres, Judge.

Matthew J. Steven filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Hannah K. Hoffman, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Aoyagi, Judge, and Schuman, Senior Judge.

PER CURIAM

Reversed.

**PER CURIAM**

In this juvenile dependency case, mother appeals a judgment taking jurisdiction over child based on the jurisdictional allegation that there was a current risk of harm to child because mother had allowed child to live in a home that had been raided by the police nine months before the jurisdictional trial, which was conducted on stipulated facts. In the raid, police discovered heroin and drug paraphernalia, as well as evidence of other criminal activity, and all persons living in the home, including mother, were arrested. On appeal, mother asserts that there was insufficient evidence to support a conclusion that child's condition or circumstances expose child to a current threat of serious loss or injury that is likely to be realized. ORS 419B.100(1)(c); *Dept. of Human Services v. A. W.*, 276 Or App 276, 278, 367 P3d 556 (2016). That is, at the time of the trial, mother and child lived with mother's parents—the situation was stipulated to be "safe and stable, and no illicit drug use or unsafe individuals are allowed in the home," and mother intended to continue to live there with child for the foreseeable future. The Department of Human Services (DHS) concedes that the evidence is legally insufficient to show a current threat of serious loss or injury to child.

When we review the juvenile court judgment, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the [juvenile] court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). Here, we agree with and accept DHS's concession that the evidence is legally insufficient. Accordingly, we reverse the jurisdictional judgment.

Reversed.