Argued and submitted December 19, 2019, affirmed February 5, 2020

In the Matter of R. M. L. W.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. J. W.,
*Appellant.*

Lane County Circuit Court
19JU03207; A171752

460 P3d 540

Father appeals a judgment of jurisdiction and disposition. The juvenile court took jurisdiction over child and ordered father to submit to a psychological evaluation. Father assigns error to that order, arguing that the Department of Human Services (DHS) failed to offer evidence that the psychological evaluation was a necessary component of "treatment or training" as ORS 419B.387 requires. Father did not preserve that issue as he currently raises it on appeal. *Held*: The juvenile court did not plainly err in ordering the examination. Although, under ORS 419B.387, DHS must establish at an evidentiary hearing the need for the psychological evaluation as part of "treatment or training," that statute is not the only basis for the juvenile court's authority. Under ORS 419B.337(2), the court may also order a psychological evaluation when rationally related to a basis of the juvenile court's jurisdiction. Given the record, the jurisdictional bases, and two potential sources of authority for a psychological evaluation, any asserted error is not plain.

Affirmed.

Jay A. McAlpin, Judge.

Shannon Flowers, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Patricia G. Rincon, Assistant Attorney General, argued argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dashiell L. Farewell, Assistant Attorney General.

Before DeVore, Presiding Judge, and Lagesen, Presiding Judge, and DeHoog, Judge.

DeVORE, P. J.

Affirmed.

**DeVORE, P. J.**

Father appeals a judgment of jurisdiction and disposition. The juvenile court took jurisdiction over child and ordered, among other things, that father submit to a psychological evaluation. Father challenges the bases for the court's jurisdiction in six assignments of error, which we affirm without further discussion. In a seventh assignment of error, father argues that the court erred in ordering the psychological examination. Father did not preserve that issue in the form that he now raises on appeal. We conclude that any alleged error in ordering the examination is not plain, given the record, the jurisdictional bases, and two potential sources of statutory authority for a psychological evaluation. Accordingly, we affirm.

The juvenile court asserted dependency jurisdiction over father's child after determining that the Department of Human Services (DHS) had proved that father's untreated domestic violence poses a threat of harm to child and that father cannot safely parent due to his substance abuse, erratic behavior, chaotic lifestyle, and criminal conduct with related consequences. DHS had offered evidence that father struggles with anger and has engaged in verbal and physical abuse of mother.

In the dispositional phase of the jurisdictional hearing, DHS requested that the juvenile court order father to participate in a variety of services, including a psychological evaluation. Father accepted the recommendation as to other services but contested the psychological evaluation. Father objected on the ground that he had already completed an assessment by an addiction treatment provider. The court ordered the psychological evaluation.

On appeal, father generally assigns error to the court's order for a psychological evaluation. He argues that DHS failed to offer evidence that an evaluation was necessary as a component of "treatment or training" under ORS 419B.387. That statute provides:

> "If the court finds in an evidentiary hearing that treatment or training is needed by a parent to correct the circumstances that resulted in wardship or to prepare the

> parent to resume the care of the ward, the court may order the parent to participate in the treatment or training if the participation is in the ward's best interests."

ORS 419B.387. Recognizing that, in the juvenile court proceeding, father had not specifically disputed the court's authority to order the evaluation, father argues that we should review the order for a psychological examination as a matter of plain error.

DHS responds that father failed to preserve his argument disputing a "treatment-or-training" basis under ORS 419B.387 and that, in any event, DHS had presented evidence in the juvenile court that father abused alcohol, struggled with anger, and had been verbally and physically abusive of mother. Consequently, DHS contends that the record contains evidence supporting a psychological evaluation as a feature of treatment and training under ORS 419B.387.

We begin with the recognition that father did not preserve in the juvenile court the issue that he raises on appeal. Although father objected to the psychological evaluation as *factually unnecessary* for the reason that an evaluation of one sort or another had already been done, he did not challenge the court's *legal authority* to order a psychological evaluation. He did not challenge the court's legal authority under either of two potentially applicable legal standards. Consequently, we review this appeal as a question of plain error and whether to exercise our discretion to correct plain error. *See* ORAP 5.45(1) (recognizing the court's authority to consider plain error); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (describing criteria for such review). "To qualify as plain error, the error must (1) be a legal error; (2) be apparent, meaning that the legal point is obvious and not reasonably in dispute; and (3) appear on the face of the record such that we 'need not go outside the record or choose between competing inferences to find it.'" *Dept. of Human Services v. A. W.*, 274 Or App 493, 500, 361 P3d 58 (2015) (quoting *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990)). In assessing legal error, we consider the law at the time of the appeal. *State v. Jury*, 185 Or App 132, 135-36, 57 P3d 970 (2002), *rev den*, 335 Or 540 (2003).

In this case, the legal point is not obvious, not beyond reasonable dispute, and not apparent on the record without choosing between competing inferences. We need not describe the factors that guide the additional question whether to exercise discretion to correct plain error, because our analysis stops with the initial question whether any alleged error is truly plain. The reason that father's assignment of error is "not plain" is because there are two potentially applicable legal standards.

The first of those two potentially applicable legal standards is ORS 419B.387. In *D. R. D.*, 298 Or App 788, 790-91, 450 P3d 1022 (2019), we held that the court can order a psychological evaluation under ORS 419B.387 as needed for "treatment or training" to "correct the circumstances that resulted in wardship or to prepare the parent to resume the care of the ward." To support that order, DHS must establish, at an evidentiary hearing, the need for the psychological evaluation as a component of treatment or training. *Id.* The evidence can be presented in a jurisdictional hearing, as in this case. Here, neither DHS in its evidence or argument nor the juvenile court in its judgment *expressly* addressed a reason for the psychological evaluation in terms of a need for treatment or training designed for reunification. Neither DHS nor the juvenile court can be criticized for that potential omission because the request for an evaluation was not specifically couched in terms of ORS 419B.387 and because *D. R. D.* had not been decided at the time of that hearing,

The second of two potentially applicable legal standards is found in ORS 419B.337(2). In relevant part, that statute provides that "[t]he court may specify the particular type of care, supervision or services to be provided by the Department of Human Services to wards placed in the department's custody and to the parents or guardians of the wards." ORS 419B.337(2). In *State ex rel Juv. Dept. v. G. L.*, 220 Or App 216, 223, 185 P3d 483, *rev den*, 345 Or 158 (2008), we determined that, as a feature of directing DHS to provide services, ORS 419B.337(2) grants the court the authority to order a parent to submit to a psychological evaluation to help design services needed, if there is "a rational connection between the service to be provided and the basis

for jurisdiction." The specific basis of the court's jurisdiction in the case need not have been a parent's mental health condition. *Id.* We observed that a similar conclusion had been reached under a prior version of the dependency statutes. *Id.* at 224 n 5 (citing *State ex rel Juv. Dept. v. Maginnis*, 28 Or App 935, 937, 561 P2d 1044 (1977)). We had previously acknowledged that "a juvenile court does, in fact, have the authority to order a psychiatric or medical evaluation of a parent where that evaluation is helpful as an aid in determining what is best for the child * * *." *Maginnis*, 28 Or App at 937 (citing *State ex rel Segrest v. Van Hoomissen*, 276 Or 1077, 1081, 557 P2d 661 (1976)).

    More recently, we considered ORS 419B.337(2) and described its authority, stating:

> "Thus, the bar is low to establish a rational relationship between a psychological evaluation and a parent and a jurisdictional basis. Also, certainty about the existence of a mental health issue is unnecessary; indeed, an evaluation is typically desired precisely because DHS is uncertain whether a parent has a mental health issue."

*Dept. of Human Services v. K. J.*, 295 Or App 544, 549, 435 P3d 819 (2019). In applying the authority of ORS 419B.337(2), we have reached different conclusions in different circumstances whether a psychological examination was rationally related to a jurisdictional basis. *Compare id.* at 549-52 (reversing order for psychological evaluation where physical health and housing were jurisdictional bases) *with G. L.*, 220 Or App at 223-24 (allowing psychological evaluation where mother's unwillingness or inability to protect children was a jurisdictional basis).

    In *D. R. D.,* the father urged this court to overrule the line of cases that found authority under ORS 419B.337(2) for requiring a parent to cooperate with a psychological examination. 298 Or App at 796 n 3. Given our high standard for overruling cases, *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017), the father argued that those cases were "plainly wrong" because they served to circumvent the arguably more specific requirements of ORS 419B.387. *Id.* Whether that argument was correct or not, we did not overrule *G. L.* or cases it cited when deciding *D. R. D.* Instead,

in *D. R. D.*, we noted that the juvenile court had chosen to act under ORS 419B.387, and, as a result, the case did not present a proper vehicle to challenge a psychological examination ordered under ORS 419B.337(2). *Id.*

When suggesting plain error here, father assumes that our decision in *D. R. D.* makes ORS 419B.387 the only path to a psychological examination. That is necessarily father's premise because it would be an absence of evidence concerning a need for "treatment or training" that would defeat the justification for a psychological examination under that statute. An error with regard to the absence of such evidence could be plain only if ORS 419B.387 were the *only* basis for the juvenile court to order a psychological examination. But, under our case law, it is not. Both ORS 419B.337(2) *and* ORS 419B.387 provide authority for a psychological examination. One statute requires that a psychological examination rationally relate to a jurisdictional basis, while the other requires a showing of a need for the examination for treatment or training directed toward reunification. In this case, given two alternate authorities and the evidence received, the juvenile court did not plainly err in directing father to cooperate in a psychological evaluation.

Affirmed.