Argued and submitted February 25; reversed and remanded for correction of reasonable efforts determination, otherwise affirmed April 1, 2020

In the Matter of A. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. L.,
*Appellant.*

Marion County Circuit Court
19JU03181; A172301

462 P3d 781

Mother appeals a juvenile court judgment taking dependency jurisdiction under ORS 419B.100(1)(c) over her 13-year-old daughter, A, on the grounds that mother had physically assaulted A by hitting her with a stool and that mother "has anger and impulse control problems which interfere with her ability to safely parent the child." Mother contends that (1) the evidence is insufficient to support the court's determination that it has dependency jurisdiction over A, (2) the court erred in concluding that DHS made reasonable efforts to reunify A with mother as required by ORS 419B.340, and (3) the court plainly erred in ordering mother to participate in a psychological evaluation. *Held*: (1) The juvenile court did not err in concluding that mother's assaultive conduct (and her minimization of it) was sufficient to support its determination that it had dependency jurisdiction over A, (2) the court erred in concluding that DHS made reasonable efforts to reunify A with mother, and (3) the court did not plainly err in directing mother to undergo a psychological evaluation.

Reversed and remanded for correction of reasonable efforts determination; otherwise affirmed.

Audrey J. Broyles, Judge.

Shannon Flowers, Deputy Public Defender, argued the cause for appellant. Also on the opening and reply briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services. D. L. filed the supplemental brief *pro se.*

Beth Andrews, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded for correction of reasonable efforts determination; otherwise affirmed.

**LAGESEN, P. J.**

Mother appeals a juvenile court judgment taking dependency jurisdiction under ORS 419B.100(1)(c) over her 13-year-old daughter, A, on the grounds that mother had physically assaulted A and also that mother "has anger and impulse control problems which interfere with her ability to safely parent the child." In five assignments of error, mother contends that (1) the evidence is insufficient to support the court's determination that it has dependency jurisdiction over A, (2) the court erred in concluding that DHS made reasonable efforts to reunify A with mother as required by ORS 419B.340, and (3) the court plainly erred in ordering mother to participate in a psychological evaluation. We reverse as to the reasonable efforts finding but otherwise affirm.

*Psychological evaluation.* We start with mother's assignment of error challenging the juvenile court's order directing mother to undergo a psychological evaluation. Mother did not preserve that assignment of error, making our review for plain error. But in *Dept. of Human Services v. L. J. W.*, 302 Or App 126, 460 P3d 540 (2020), we recently held that a claim identical to mother's did not constitute plain error. *Id.* at 132. That holding forecloses mother's claim of plain error.

*Jurisdiction.* We next address mother's challenge to the sufficiency of the evidence supporting the juvenile court's determination that it has dependency jurisdiction over A under ORS 419B.100(1)(c). On this question, we review the juvenile court judgment by "view[ing] the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the [juvenile] court's disposition and assess[ing] whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). ORS 419B.100(1)(c) authorizes a juvenile court to take dependency jurisdiction over a child where the evidentiary record before the court allows for the determination that the "child's condition or circumstances expose child to a current threat of serious loss or injury that is likely to be realized." *Dept. of Human Services v. C. D. B.*, 299 Or App 513, 514, 450 P3d 1032 (2019).

A detailed recitation of the facts about mother's relationship with A would not be beneficial. It is sufficient to note that the evidence developed at the jurisdictional hearing, including A's testimony (testimony that the juvenile court explicitly credited in the face of mother's conflicting testimony), demonstrated that approximately three and a half months before the jurisdictional hearing, mother got angry with A, kicked her, and intentionally threw a heavy wooden stool at her head. The kick was not hard but A "felt it and it hurt." The stool hit A in the face, giving her a black eye. The experience caused A to have "nightmares about the wooden stool being thrown at me again." DHS removed A from mother's home as a result of the incident.

Mother described her conduct differently at the jurisdictional hearing in a way that minimized its abusive nature and diverged from the truth (as the juvenile court found it to be). Mother said that she had "tapped" A with her foot, and then "haphazardly" tossed a few things at A—things, according to mother, that A had thrown at mother. One of the items was a "wooden block" (not a stool) that, to mother's astonishment, hit A in the eye and bruised her. Mother told A to seek treatment from the school nurse but to tell the nurse that she had fallen rather than the truth.

The juvenile court determined that those facts were sufficient to demonstrate that A faced a current threat of serious loss or injury likely to be realized absent DHS involvement. The court explained that mother's dishonesty—her "minimization and untruths"—played a significant role in its determination, noting that it might have reached a different conclusion if mother had been honest about what she had done to injure A.

On appeal, mother argues that the evidence on which the court relied was insufficient to support its determination that A faced a "current" risk at the time of the hearing, even if she had faced a risk at the time mother threw the stool. Mother characterizes the stool-throwing incident as an isolated one and contends that, whatever risk might have been present at that time, the record does not allow for the inference that A remained at risk by the time of the hearing. Mother also contends, as a separate matter,

that the record does not permit a determination that she had "anger and impulse control" issues at the time of the hearing, contrary to the juvenile court's finding.

We disagree. Although this record is not one that would have *compelled* the juvenile court to conclude that A faced a risk of serious loss or injury reasonably likely to be realized at the time of the jurisdictional hearing, it is one that *allows* for that determination. Viewed in the light most favorable to the juvenile court's determination, the record shows that mother's frustration with A caused her to physically assault her in two different ways and that, as of the time of the hearing, mother was unable to admit that she had injured A and otherwise be truthful about what she had done to A. Mother's inability at the hearing to acknowledge how she had physically injured her daughter with a heavy wooden stool allows for the reasonable inference that, at the time of the hearing, A remained at risk from mother. That is because mother's "minimization and untruths" about her injurious conduct permit the inference that it is reasonably likely that mother will repeat that conduct, having not grasped fully the nature of her conduct and the risk of physical injury that it caused to A—a risk that was, in fact, realized.

With respect to mother's particular contention that the record does not support a finding that she has issues with anger and impulse control, A's testimony about mother's behavior allows for that finding.

*Reasonable efforts.* The remaining question is whether the juvenile court's "reasonable efforts" determination under ORS 419B.340(1) is supported by the record. ORS 419B.340(1) generally requires DHS "to make 'reasonable efforts' to make possible a child's safe return home while the dependency case is pending." *Dept. of Human Services v. J. F. D.*, 255 Or App 742, 747, 298 P3d 653 (2013) (quoting ORS 419B.340(1)). "Reasonable efforts" for purposes of ORS 419B.340 are ones that assist parents in making the adjustments needed to become minimally adequate parents. *State ex rel Juv. Dept. v. Williams*, 204 Or App 496, 506-07, 130 P3d 801 (2006).

Here, much as was the case in *J. F. D.* and *Williams*, and as the juvenile court itself recognized, DHS did very little to assist mother to make the adjustments needed to achieve reunification with A. To be sure, as the juvenile court noted, this case was complicated by the facts that A did not want to return to mother and that mother was potentially facing criminal charges for hitting A with the stool. It is possible that those complications may have provided DHS grounds for seeking to be *excused* from making reasonable efforts to reunify A with mother. *See* ORS 419B.340(5) (identifying nonexclusive list of circumstances that permit juvenile court to excuse DHS from making reasonable efforts toward reunification). But those complications do not allow for the conclusion that the meager efforts that DHS did make were ones that met the "reasonable efforts" standard, that is, that gave mother a reasonable opportunity to make the adjustments needed to become a minimally adequate parent. We therefore reverse the judgment insofar as it determined that DHS made reasonable efforts toward reunification.

Reversed and remanded for correction of reasonable efforts determination; otherwise affirmed.