### STATE of Utah, In the Interest of T. S. V., a person under the age of eighteen years.

### No. 16426.

### Supreme Court of Utah.

### Feb. 15, 1980.

Robert J. Schumacher, Provo, for appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for respondent.

WILKINS, Justice:

T.S.V., age 17, (hereinafter the "juvenile") was referred to the Juvenile Court, Utah County, on a charge of burglary in violation of Section 76–6–202.[1] At a hearing before a judge of that Court, the allegations of the charge were proved beyond a reasonable doubt and the juvenile was committed to the Youth Development Center for the State of Utah. The juvenile appeals.

The juvenile and a companion were apprehended inside the shop area of Farrer Junior High School, at approximately 11:30 p. m. on the evening of January 5, 1979, by the Provo Police, responding to a call from an electrical contractor doing work in the school. The police found a broken window in one of the school's doors, by which entry was made, and observed that several tools were missing from racks in the shop area. These tools were found behind a desk in the shop area where the juvenile and his com-

1. All statutory references are to Utah Code Ann., 1953, as amended.

panion were apprehended. The juvenile was then taken to the Provo Police Station, and his mother notified at 12:05 a. m. The mother had no transportation and asked the juvenile's aunt to go to the Police Station.

A Detective Baum investigated the circumstances at the school, and then interrogated the juvenile at the Police Station, having arrived there at approximately 1:00 a. m. He there read the juvenile his *"Miranda"*[2] rights, and wrote down the juvenile's statement. The juvenile signed the statement at 2:45 a. m., January 6, 1979, and was released.

At the hearing in Juvenile Court, defense counsel objected to the admission of the written statement and to Detective Baum's testimony concerning the juvenile's statement on the ground that a juvenile is incapable of voluntarily waiving his constitutional rights. The Court overruled this objection, saying:

> Pending a ruling by the Appellate Courts on this question in Utah, there has been a fairly uniform position of the trial courts of the juvenile system, so if the evidence appears to show a knowledgeable understanding of the rights being given and that there's no evidence showing involuntariness, that the simple fact of minority, at least at the age of this respondent, does not automatically incapacitate him from the legal waiver or a separate waiver. So I will overrule your objection, but note it for the record.

On appeal, the juvenile cites this ruling as error, and urges this Court to adopt a rule which would exclude a juvenile's admissions or confessions made without the counsel of his attorney or his parents. In addition, the juvenile contends that the police interrogation was in violation of Section 78–3a–29, and that such violation renders the juvenile's statements inadmissible.

■ We have dealt with both of these questions at length in *State v. Hunt*, 607 P.2d 297 (1980). We there held that the purpose of Section 78–3a–29 was not to govern police interrogation of juveniles, and

that the admissibility of the juvenile's confessions or admissions depends upon whether the juvenile made a knowing and voluntary waiver of his constitutional rights in light of the total circumstances of his case.

■ Here, the Judge determined that this confession was voluntary, and that the juvenile had waived his rights. The evidence supports this determination. The juvenile testified in his own behalf, but the only evidence he gave of any "coercive" tactics on the part of the police was that the officer told him to sign the confession because he (the officer) wanted to go home and go to bed. The juvenile admitted, however, that he knew the statement would be used against him in court. We do not believe any coercion existed here which would render this confession involuntary. It was given by a juvenile, 17 years of age, who, according to the record was not unfamiliar with the process of the criminal law.

Affirmed.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).