STATE of Utah, in the interest of
R.D.S., a person under eighteen
years of age, Appellant.

No. 880548–CA.

Court of Appeals of Utah.

July 27, 1989.

Kirk C. Bennett and Scott R. Wangsgard, West Valley City, for appellant.

R. Paul Van Dam, Creighton C. Horton II, Sandra L. Sjogren, Salt Lake City, and Alvin G. Nash, Vernal, for respondent.

## OPINION

Before BENCH, BILLINGS and ORME, JJ.

BENCH, Judge:

R.D.S. appeals the denial of his motion to "recall" juvenile court jurisdiction following the "direct" filing of criminal charges against him in circuit court. We affirm.

## FACTS

Appellant R.D.S. stands accused of the kidnapping, sexual abuse, and murder of a six-year-old girl in Vernal, Utah, in August 1988. At the time of the alleged crimes, appellant was sixteen years of age.

Pursuant to Utah Code Ann. § 78–3a–25(6) (1987), the State filed an information in circuit court on August 16, 1988, charging appellant as an adult. Appellant subsequently filed a motion under Utah Code Ann. § 78–3a–25(9) (1987) to "recall" the jurisdiction of the juvenile court. A hearing on appellant's motion was held in juvenile court on August 26, 1988. Following opening arguments, appellant went forward with evidence in support of his motion. This evidence consisted solely of the testimony of a family therapist. In rebuttal, the State offered the testimony of a Vernal police officer and a videotape of appellant's interview with police about the alleged crimes. Counsel for both parties then made closing remarks, and the court denied appellant's recall motion from the bench. A memorandum decision containing findings of fact and conclusions of law was issued by the juvenile court shortly afterward. Criminal proceedings against appellant were stayed pending the outcome of this appeal.

## ISSUES

Appellant challenges the denial of his motion on the following grounds: 1) the statutory provision for recall violates due process both on its face and as applied; 2) the recall provision unconstitutionally excludes relevant evidence; 3) the juvenile court erred in admitting into evidence the videotape of appellant's interview with po-

lice; 4) the juvenile court erred in denying recall in spite of clear and convincing evidence in the record; and 5) the State cannot include in its direct filing a criminal charge not specified in the statute permitting such filings.

## 1. DUE PROCESS

■ Appellant argues that the recall provision of the Juvenile Court Act, Utah Code Ann. § 78–3a–25(6) (1987), violates due process under the United States and Utah constitutions because it neither specifies the standard of proof to be used in recall proceedings, nor identifies the party having the burden of going forward with the evidence.[1]

This court has recently rejected a similar challenge. In *State in re N.H.B.*, 777 P.2d 487 (Utah Ct.App.1989), we examined the direct filing and recall provisions, and determined that even if the due process protections discussed in *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), are applicable, they have been adequately provided under Utah law. *Id.* at 489. We found no facial infirmities in the recall provision, and concluded that Rule 21 of the Utah Juvenile Court Rules of Practice and Procedure provides a standard of "clear and convincing evidence" for recall. *Id.* We also concluded that there is no constitutional violation in assigning the juvenile the burden of going forward, and ultimately found no deprivation of due process in the court's application of the transfer procedure. *Id.*

We have reviewed the record in this case and find nothing to distinguish the application of the transfer procedure from that in *State in re N.H.B.* The juvenile court conducted a meeting with counsel in chambers and apparently discussed the procedural aspects of the hearing. Although the meeting was unrecorded, references in the hearing transcript indicate that a clear and convincing evidence standard was imposed and that appellant was to go forward with the evidence. As in *State in re N.H.B.*, we

conclude there was no violation of due process here, either facially or as applied.

## 2. EXCLUSION OF EVIDENCE

■ Appellant next contends that the exclusion of relevant evidence in recall proceedings is unconstitutional under *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). The juvenile in *State in re N.H.B.* made a similar argument. *Id.* at 492 n. 4. We declined to consider N.H. B.'s claim because the issue had not been properly raised. *See id.* We further reserved the question whether the right to present relevant testimony in one's own behalf could be applied in the context of a recall proceeding. *Id.* Unlike N.H.B., appellant properly raised the issue below and thereby preserved the claim on appeal. He contends that the juvenile court limited the introduction of evidence going to the issue of his amenability to treatment.

*Rock v. Arkansas* involved a defendant who was convicted of manslaughter after her hypnotically refreshed testimony was excluded by the trial court. On appeal to the United States Supreme Court, Rock claimed that her testimony was impermissibly excluded in violation of her constitutional right to testify in her own defense. The Court agreed, discussing this right in the context of due process grounded in the fifth, sixth, and fourteenth amendments to the United States Constitution. The Court generally confined its discussion to the availability of the right to testify on one's own behalf at a criminal trial:

> The necessary ingredients of the Fourteenth Amendment's guarantee that no one shall be deprived of liberty without due process of law include a right to be heard and to offer testimony....

107 S.Ct. at 2709.

In a footnote, the Court noted that the right extended to extra-judicial proceedings in which procedural due process is constitutionally required. *See id.* at 2709 n. 9. All of the cases cited therein, however, appear

---

**1.** Appellant has not adequately distinguished the scope of State due process protection from federal due process protection. Accordingly, we

will consider the provisions to be comparable. *See State in re N.H.B.*, 777 P.2d 487, 489 n. 3 (Utah Ct.App.1989).

to implicate significant liberty or property interests.

In *State in re N.H.B.*, this court determined that no liberty interests are implicated in a recall proceeding. *Id.* at 490. Our rationale for this determination was two-fold: first, the purpose of these proceedings is to select a forum and not to inquire into culpability; second, the Utah Supreme Court has held that there is no "right" to juvenile treatment. *Id.* (citing *State in re Atcheson*, 575 P.2d 181, 184 (Utah 1978)). On these distinctions alone, we could conclude that the right to present relevant evidence is inapplicable to recall proceedings.

However, we need not interpret this right to present evidence so narrowly since it specifies *relevant* evidence. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Utah R.Evid. 401. The determination of relevance remains within the discretion of the trial judge, subject to the exigencies of the particular case. *See Terry v. Zions Coop. Mercantile Inst.*, 605 P.2d 314, 322–23 (Utah 1979), *overruled on other grounds*, *McFarland v. Skaggs Cos.*, 678 P.2d 298 (Utah 1984). In the context of a recall hearing, section 78–3a–25(9) has clearly delineated the boundaries of relevance: evidence is relevant if it goes to the issue of age, legal record, or seriousness of the crime. By means of section 78–3a–25(9), the legislature has thus limited the scope of relevance to a consideration of three statutorily enumerated factors. *See Jahnke v. State*, 692 P.2d 911, 929 (Wyo.1984) (juvenile treatment is a privilege, so the legislature may restrict or qualify that privilege as it sees fit).

We do not suggest, however, that the recall provision prohibits a juvenile from testifying on his or her own behalf, nor is such a prohibition at issue. Rather, the statute merely requires that if the juvenile elects to testify, he or she is limited to that which is relevant under the three statutorily enumerated factors. Since the objective of a recall proceeding is restoration of juvenile treatment rather than a determination of culpability, we hold that that the limits to relevance under the recall provision do not unconstitutionally infringe on the right to present relevant evidence.

### 3. VIDEOTAPE

Over appellant's objection, the State introduced a videotape of an interview conducted with appellant by the police. Appellant now claims reversible error on the grounds that he had no opportunity to inspect the tape prior to the hearing, that the voluntariness of the interview had never been properly determined, and that the use of the tape was prejudicial.

 The rules of evidence apply to recall proceedings in juvenile court. *See* Utah R.Evid. 1101(a) (the rules "apply to all actions and proceedings in the courts of this state"); *see also* Boyce & Kimball, *Utah Rules of Evidence 1983*, 1985 Utah L.Rev. 63, 66. Evidence that is relevant is admissible unless it is otherwise excluded by constitutional provision, statute, or rule. Utah R.Evid. 402. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Utah R.Evid. 403. "[T]he appraisal of the probative and prejudicial value of evidence under rule 403 is generally entrusted to the sound discretion of the trial judge and will not be upset on appeal absent manifest error. *State v. Maurer*, 770 P.2d 981, 983 (Utah 1989); *see also State v. Jamison*, 767 P.2d 134, 137 (Utah Ct.App.1989). A judge's rulings on evidence in matters tried to the bench need not be subjected to such critical scrutiny as when the matter involves a jury. *In re Baxter's Estate*, 16 Utah 2d 284, 399 P.2d 442, 445 (1965). It is presumed that the judge will not consider matters which are inadmissible when making findings. *State v. Miles*, 77 Wash.2d 593, 464 P.2d 723, 728 (1970).

 Having reviewed the transcript of the videotape, we have no doubt that the statements made by appellant were relevant to the seriousness of the charges, the

third statutory factor which must be considered prior to any recall determination. *Cf. In re Dahl*, 37 Or.App. 839, 588 P.2d 132, 133 (1978) (specific facts of alleged offense may be relevant to determination of juvenile transfer). In certification proceedings, which are similar to recall proceedings though opposite in result, the juvenile court "may hear evidence of the crime to establish that there is a reasonable relationship between the charge and the juvenile." Utah Code Ann. § 78–3a–25(5) (1987); *see also State in re R.W.*, 717 P.2d 258, 259 (Utah 1986) (juvenile court considered handwritten statements of juveniles prior to certification order). Such evidence is appropriate because "[i]t is incumbent upon the judge to anticipate the real possibility of an ultimate adjudication of guilt and thus to view the relative merit of the juvenile and adult systems in that light." *State in re Atcheson*, 575 P.2d at 183. Although the recall subsection does not contain a similar provision, the admission of such evidence is no less helpful to the juvenile court in making its recall determination.

■ The remaining question is whether there must be an initial determination that appellant's statements were voluntarily made. *See, e.g., Fare v. Michael C.*, 442 U.S. 707, 725, 99 S.Ct. 2560, 2572, 61 L.Ed.2d 197 (1979), *reh'g den.*, 444 U.S. 887, 100 S.Ct. 186, 62 L.Ed.2d 121 (1979); *State in re T.S.V.*, 607 P.2d 827, 828 (Utah 1980) (The admissibility of a juvenile's statements depends on a knowing and voluntary waiver of rights as viewed within the totality of circumstances.). We believe that for purposes of recall proceedings, it is unnecessary for the juvenile court to decide definitively whether a juvenile's statements are voluntary.

Support for this view is provided by the recent case of *In re Ralph M.*, 211 Conn. 289, 559 A.2d 179 (1989). Ralph M., a juvenile charged with murder, appealed from a hearing in which he was ordered transferred to adult court under Connecticut's mandatory transfer statute. The Connecticut Supreme Court held that strict evidentiary standards did not apply in transfer hearings, and thus motions to suppress evidence should not be entertained there. *Id.* at ——, 559 A.2d 179. The court determined that a statement made by a co-participant, though otherwise inadmissible, could be validly heard if the juvenile court determined it to be reliable, material, and relevant. *Id.* The court further cited Connecticut's statutory scheme, which entitled the juvenile to a duplicative probable cause determination. *Id.*

■ Unlike Connecticut, our juvenile transfer provisions do not involve probable cause determinations, and thus make even less compelling the need to determine the voluntariness of a juvenile's statements. *See* Utah Code Ann. § 78–3a–25(5) (1987) (in certification proceedings, the court "need not hold a preliminary hearing to establish probable cause"); *State in re Atcheson*, 575 P.2d at 183 (purpose of certification hearing is to determine whether to retain juvenile jurisdiction, therefore, juvenile has no right to probable cause determination until after certification to district court). Because the "immediate objective of a recall proceeding is the selection of a forum," and not a "determination of culpability," *State in re N.H.B.*, 777 P.2d at 490, any evidence that is relevant to the court in its recall decision may be heard, even though that same evidence may be held inadmissible in later proceedings.

This rule is tempered somewhat by the balancing test for the admission of relevant evidence as provided by Utah R.Evid. 403 (probative value weighed against the danger of unfair prejudice). We find implicit in the juvenile court's order a determination that the tape was more probative than prejudicial. Although appellant's statements were almost certainly influential, under our standard of review, the court abused its discretion only if the videotape was admitted into evidence despite *unfair* prejudice. We find nothing in the hearing record that indicates such prejudice. Mindful that less scrutiny need be given to the propriety of evidence in matters tried to the bench, we conclude there was no abuse of discretion in admitting the videotape into

evidence for the limited purpose of the recall determination.

■ As a final note, we also reject appellant's argument that the videotape should have been excluded because he had no opportunity to inspect it prior to the hearing. Appellant was obviously aware of the existence of the videotape, was provided the substance of the contents prior to the hearing, and at that time did not request an inspection of the videotape itself. *Accord State v. Smith*, 700 P.2d 1106, 1109 (Utah 1985). Accordingly, he has waived this argument on appeal.

## 4. CLEAR AND CONVINCING EVIDENCE

Appellant argues that there was clear and convincing evidence for recall under the statutory factors of age, legal record, and seriousness of the charges. *See* Utah Code Ann. § 78–3a–25(9) (1987).

With respect to the latter two factors, the parties agreed on the factual evidence below. It was stipulated that appellant had no prior legal record, and appellant conceded that the alleged offenses were serious enough to be of the "gravest nature."

■ There was also no dispute that appellant had turned sixteen years of age approximately one month prior to the time of the alleged crimes. There is evidence in the record that appellant's "sophistication" level was at an age of ten or eleven, although the court's ruling on admission of this evidence is somewhat confusing. The parties took contrasting views as to the meaning of "age" as used in section 78–3a–25(9). The State argued that "age" was limited to chronological age. Appellant, on the other hand, took the position that "age" should be broadly construed, so that a juvenile's mental or emotional age, as well as chronological age, should be considered.

Our analysis of section 78–3a–25(9) leads us to believe that "chronological age" is intended by the statutory language of the recall provision. "The basic rule for statutory construction is that words used in

statutes should be given their ordinary, plain meaning. . . ." *In re M.L.T.*, 746 P.2d 1179, 1180 (Utah Ct.App.1987). Moreover, "if a different interpretation is sought it must rest upon something in the character of the legislation or in the context which will justify a different meaning." *Id.* (quoting *Deseret Sav. Bank v. Francis*, 62 Utah 85, 217 P. 1114, 1115 (1923)).

Nothing in the character of the recall provision indicates that "age" should mean anything other than chronological age. Nor does the companion subsection for "direct" filing of criminal charges call for such a broad interpretation. Utah Code Ann. § 78–3a–25(6) (1987) (permitting direct filing of criminal charges against persons sixteen years of age or older). A narrow construction, in fact, is supported by the certification provision of 78–3a–25(2)(d), which specifically directs the juvenile court to consider the "maturity" of juveniles before certifying them for prosecution as adults. Since the legislature did not similarly specify "maturity," rather than "age" as the factor to be considered for recall, we assume that no such construction was intended. *See, e.g., State v. Kilpatrick*, 201 Kan. 6, 439 P.2d 99, 109 (1968). We conclude, therefore, that there is no statutory character or context which justifies an interpretation of age to be anything other than chronological age.

■ The juvenile court in this case determined that the seriousness-of-the-charge factor was of great significance. At the conclusion of the recall hearing, the judge stated: "The fact that he has no criminal record is so overshadowed in my judgment this morning by the seriousness of the offense, that I deny the motion to recall." These remarks indicate to us that the denial of appellant's motion was based chiefly on the court's perception of the gravity of the charges. Appellant had no prior record and had just passed the threshold of the statutory age bracket. Nonetheless, the juvenile court concluded that "[n]o benefits to society or the young man would be served by a recall and a reassertion of the Juvenile Court's jurisdiction." *See Shelton v. State*, 287 Ark. 322, 699 S.W.2d 728, 736

(1985) (immaturity is insufficient in itself to show an abuse of discretion in charging juvenile as an adult). "The public interest and safety require that some youths be held accountable as adults for their criminal misconduct and be subjected to controls, punishment, deterrence and retribution found only in the adult criminal justice system." *In re Seven Minors*, 99 Nev. 427, 664 P.2d 947, 951 (1983).

As we held in *State in re N.H.B.*, there is no abuse of discretion if the seriousness-of-the-charge factor is controlling and the juvenile court accords more weight to this factor than any other. 777 P.2d at 493. Since we find that is the situation here, we conclude that the juvenile court properly denied appellant's recall motion.

### 5. DIRECT FILING

We last address appellant's argument that the State cannot include in its direct filing a crime not enumerated in section 78–3a–25(6). In its information filed in circuit court, the State alleged that appellant committed the crimes of criminal homicide, child kidnapping, and aggravated sexual abuse of a child. Section 78–3a–25(6) lists criminal homicide and aggravated sexual abuse of a child among those offenses which can be filed against juveniles in adult court. The statute also lists aggravated kidnapping, a crime similar to child kidnapping, but does not list child kidnapping. Therefore, argues appellant, the juvenile court committed reversible error by failing to recall jurisdiction on the child kidnapping offense.

The record clearly indicates that the various criminal charges arise from a "single criminal episode," as defined in Utah Code Ann. § 76–1–401 (1978) (meaning "all conduct which is closely related in time and is incident to an attempt or an accomplishment of a single criminal objective"). Kidnapping is, in fact, among the aggravating factors alleged in the other two charges filed. As the State points out, the legislature has expressed in statutory form a public policy to combine in a single prosecution all the offenses arising from the same criminal episode. *See* Utah Code Ann. § 76–1–403 (1978). This policy is further expressed in the context of direct filing and recall: "A juvenile may be convicted under this section on the charges filed or on *any other offense arising out of the same criminal episode.*" Utah Code Ann. § 78–3a–25(8) (1987) (emphasis added). A contrary construction of this section would not only contradict this policy, but may well implicate double jeopardy concerns and foster judicial inefficiency. *See State v. Taylor*, 107 N.M. 66, 752 P.2d 781 (1988) (in juvenile transfer proceeding, public policy against fragmentation of criminal prosecutions requires all offenses arising from the same circumstances to be tried in adult court). We thus conclude that section 78–3a–25(8) permits the direct filing of all charges against a juvenile arising from a single criminal episode, provided that at least one of the charges is among those enumerated in section 78–3a–25(6).

For these reasons, the denial of appellant's motion to recall juvenile court jurisdiction is affirmed.

ORME, J., concurs.

BILLINGS, J., concurs in result.