STATE of Utah, Plaintiff and Appellee,

v.

Jack Hyrum HALLETT, Defendant and Appellant.

No. 890215–CA.

Court of Appeals of Utah.

July 13, 1990.

Rehearing Denied Sept. 17, 1990.

702

H. Don Sharp, argued, Vlahos, Sharp, Wright & Walpole, Ogden, for defendant and appellant.

R. Paul Van Dam, Atty. Gen., and Barbara Bearnson, argued, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before GREENWOOD, JACKSON and ORME, JJ.

## OPINION

ORME, Judge:

Defendant appeals his conviction for three counts of forcible sexual abuse, second degree felonies in violation of Utah Code Ann. § 76–5–404 (1984), and four counts of witness tampering, third degree felonies, in violation of Utah Code Ann. § 76–8–508 (1978). We affirm in part and reverse in part.

## FACTS

In January 1984, defendant was living in a trailer with a woman and her mentally retarded, nineteen-year-old daughter, April. On January 6, defendant was charged with one count of forcible sexual abuse of April. Trial was scheduled for May 17, 1984. In March, defendant's initial counsel withdrew from the case. In May 1984, this first forcible sexual abuse count was amended to include alleged abuse during the period from March 1983 to early January 1984.

The trial was rescheduled for October 17, 1984. At a pretrial hearing on October 9, 1984, the court learned that defendant had not retained new counsel and appointed an attorney to represent him.

On October 17, when trial was to have commenced, April and her mother failed to appear. The trial date was continued until October 31, 1984. On October 18, the state charged defendant with two additional counts of forcible sexual abuse alleged to have occurred in the first two weeks of October 1984. Defendant was also charged with four counts of witness tampering. According to the state, defendant threatened April and her mother on April 4 and October 17. April and her mother were allegedly absent from trial on October 17 because defendant had threatened them and sent them to stay in an out-of-town motel. Defendant was arraigned and a preliminary hearing was held on the same day that the additional charges were added.

The three counts of forcible sexual abuse and four counts of witness tampering were tried to the court on October 31. Defendant specifically waived his right to a jury trial. Moreover, defendant's appointed trial counsel did not object to the seven counts being tried together.

During trial, the state introduced the testimony of April, her mother, and five other witnesses. The defense introduced the testimony of defendant and one other witness. Following trial, defendant was convicted on all seven counts. The trial court declined to determine whether defendant's sentences would run concurrently or consecutively. Rather, it left "that decision to the Division of Corrections."

Defendant raises several issues on appeal, only some of which require discussion. *See generally State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989). Those issues are 1) whether the court appropriately left to the Department of Corrections the decision of how defendant's sentences would run, 2) whether defendant was denied the effective assistance of counsel, and 3) whether it was error to admit testimony concerning April's truthful character.

## SENTENCING

■ Defendant argues the trial court erred because it endeavored to delegate to

the Department of Corrections the responsibility for determining whether his sentences should run concurrently or consecutively. We agree, but find the error was harmless.

The criminal code provides in pertinent part, and with our emphasis, as follows:

Subject to the limitations of subsections (2) through (5), a court shall determine, if a defendant has been adjudged guilty of more than one felony offense, whether to impose concurrent or consecutive sentences for the offenses. *Sentences shall run concurrently unless the court states, in the sentence, that they shall run consecutively.*

Utah Code Ann. § 76–3–401(1) (1978). Insofar as the trial court tried to delegate to the Department of Corrections the responsibilities given to it in § 76–3–401(1), that attempt was inappropriate. *See* Utah Const. art. V, § 1. But the error was harmless in light of the express language of the statute. The trial court, albeit intending to delegate the matter to the Department of Corrections, did not expressly state that defendant's sentences should run consecutively. Thus, under the explicit language of § 76–3–401(1), defendant's sentences necessarily run concurrently, notwithstanding the trial court's failure to say so and its effort to defer to the Department of Corrections on the question.

### INEFFECTIVE ASSISTANCE OF COUNSEL

■ Before we address the various complaints that defendant registers concerning his trial counsel's representation, we must recognize defendant's burden on this issue. To successfully challenge his conviction, defendant must demonstrate both that

(1) his counsel rendered an objectively deficient performance, demonstrated by

specific acts or omissions; and (2) counsel's error prejudiced defendant, i.e., a "reasonable probability" exists that, but for counsel's acts or omissions, the verdict would have been more favorable to defendant.

*State v. Moritzsky,* 771 P.2d 688, 690 (Utah Ct.App.1989). *See also State v. Frame,* 723 P.2d 401, 405 (Utah 1986) (per curiam).

Defendant has called our attention to several alleged failures on the part of his trial counsel. These failures include 1) counsel's acquiescence in the court's erroneous interpretation of Utah Code Ann. § 76–5–411 (1984) as grounds for admitting hearsay testimony,[1] 2) the failure to request severance of the forcible sexual abuse and witness tampering charges, and 3) the failure to object to the October 18, 1984, preliminary hearing date and October 31, 1984, trial date.

### 1. Admission of Hearsay Testimony

■ At trial, the state established through the testimony of two "expert" witnesses that April's mental age was somewhere around eight to nine years old. Thereafter, the state introduced hearsay testimony from other witnesses who testified that April had told them she was sexually abused. Counsel objected on a few occasions that the testimony was hearsay. Despite counsel's objections, the trial court allowed the testimony to come in under Utah Code Ann. § 76–5–411 (1984), which provided in pertinent part and with our emphasis:

Notwithstanding any other provision of law or rule of evidence, a child victim's out of court statement regarding sexual abuse of the child is admissible into evidence though it does not qualify under an existing hearsay exception, so long as:

---

1. We have distilled from defendant's brief and from oral argument the substance of this issue on appeal. In his brief, defendant attacked his trial counsel's effectiveness, arguing that he should not have stipulated to the qualifications of the school psychologist who testified for the state. The harm about which defendant complains, however, was testimony concerning April's mental age. That testimony was used to justify the admission of hearsay testimony un-

der Utah Code Ann. § 76–5–411 (1984). It seems to us that the root of defendant's argument is not the stipulation to the psychologist's qualifications, but rather his counsel's failure to argue that § 76–5–411 contemplates chronological and not mental age. The phrasing of this issue and our discussion, then, reflect what we believe to be the substance of defendant's argument.

(1) the child testifies ...

. . . .

(4) For purposes of this section, a *child is a person under the age of ten.* *Id.* The trial court assumed that the word "age" as used in this statute encompassed mental as well as chronological age. It therefore admitted the hearsay testimony. Defendant's trial counsel did not object to the court's interpretation of § 76–5–411 or argue the correct interpretation.

The trial court's interpretation of § 76–5–411 was erroneous. The word "age," in its common usage, means "the length of time during which a being or thing has lived or existed." Webster's Third New International Dictionary 40 (1986). No legislative history or other authority has been drawn to our attention which would suggest that our Legislature intended some other meaning and we decline to impose one.

A similar result was recently reached by this court in the context of a juvenile court recall proceeding. *In re R.D.S.,* 777 P.2d 532 (Utah Ct.App.1989). In *R.D.S.,* defendant argued that "age," one of the factors to be considered by the juvenile court, should be interpreted broadly to encompass mental and emotional age. We declined to adopt that position, holding that the term should be given its ordinary meaning unless something specific in the legislation or its history indicates the term should have a different meaning. *Id.* at 537. Here, as in *R.D.S.,* we conclude that "no statutory character or context ... justifies an interpretation of age to be anything other than chronological age." *Id.* Simply put, if the Legislature meant something else, it presumably would have said so.

Having concluded that the court's interpretation of § 76–5–411 was erroneous, defendant's trial counsel was clearly remiss in not objecting to that interpretation.[2] However, even given that counsel's performance was deficient in this regard, we will not reverse defendant's conviction unless we find that he was prejudiced by that deficiency. *Moritzsky,* 771 P.2d at 690.

■ The trial court, in its detailed findings and conclusions, specifically stated the evidence on which it relied for each of defendant's three forcible sexual abuse convictions. For the two counts which alleged specific acts of abuse, the court relied solely upon the testimony of April and her mother, which it fully credited. Because the hearsay testimony was not a basis for the court's decision on those two counts, defendant cannot demonstrate any prejudice as to those counts and his ineffectiveness claim must fail as to them.

■ The first count of forcible sexual abuse, which encompassed ongoing abuse alleged to have occurred from March 1983 to January 1984, presents a more difficult problem. For the conviction on that charge, the trial court relied upon testimony given by police officers, April, and her mother. In addition, however, the court relied on the hearsay testimony erroneously admitted in this case.

It is possible that defendant would have been convicted on the first count of forcible sexual abuse even absent the admission of the improper hearsay testimony. However, where the court has specifically stated that the hearsay testimony was one basis for its decision, we are not prepared to say that defendant would necessarily have been convicted without it. Thus, we resolve any doubt in defendant's favor, *cf. State v. Knight,* 734 P.2d 913, 921 (Utah 1987) (where defendant makes credible argument that prosecutors impaired defense, burden shifts to state to prove no likelihood of different outcome); find that a reasonable probability of a more favorable result existed; and reverse and remand for a new trial on the first count of forcible sexual abuse.[3]

---

**2.** Though defendant's trial counsel should have argued that "age" in the context of § 76–5–411 did not mean mental age, we do not mean to imply that this oversight was particularly egregious. We recognize that the term "age" has never been definitively interpreted in the context of § 76–5–411 and that this case was tried prior to our decision in *In re R.D.S.,* 777 P.2d 532 (Utah Ct.App.1989).

**3.** Defendant challenged his conviction under the first count of forcible sexual abuse on other grounds. Those grounds included a due process

### 2. Failure to Request Severance

■ Utah appellate courts have apparently not addressed an ineffective assistance of counsel claim based on counsel's failure to move for severance of charges.[4] California and Washington courts have addressed this precise issue. *See, e.g., People v. Mattson,* 50 Cal.3d 826, 789 P.2d 983, 1017–18, 268 Cal.Rptr. 802 (1990) (en banc); *State v. Warren,* 55 Wash.App. 645, 779 P.2d 1159, 1164–65 (1989).

In *Warren,* our Washington counterpart stated:

> In order to prevail on an ineffective assistance claim based on counsel's failure to seek severance, the defendant must demonstrate both that the motion should have been granted and "a reasonable probability" that, but for counsel's deficient performance, the outcome of the proceeding would have been different.

*Warren,* 779 P.2d at 1164. The California Supreme Court recognized this same two-part analysis in *Mattson. Mattson,* 789 P.2d at 1017. We find this analytical tool helpful and apply it to the case before us.[5]

Defendant has argued that he was entitled to a separate trial on each of the seven charges, although we find more plausible the contention that the witness tampering charges should have been tried separately from the forcible sexual abuse counts. Rule 9 of the Utah Rules of Criminal Procedure provides in pertinent part:

> (a) Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged arise out of a criminal episode as defined in Section 76–1–401....

. . . .

> (d) If it appears that a defendant or the prosecution is prejudiced by joinder of offenses or defendants in an indictment or information, or by a joinder for trial together, the court shall order an election of separate trials of separate counts, or grant a severance of defendants, or provide such other relief as justice requires.

" '[S]ingle criminal episode' means all conduct which is closely related in time and is incident to an attempt or an accomplishment of a single criminal objective." Utah Code Ann. § 76–1–401 (1990).

The state apparently argues that all of the charges arose out of the same criminal episode and thus were properly tried together. Although we agree that the ongoing sexual abuse of April could reasonably be considered a "single criminal episode," it is difficult to believe that witness tampering would also be considered part of that episode, even though one of the witnesses tampered with happened also to be the victim of the sexual abuse. Thus, a motion to sever the forcible sexual abuse charges from the witness tampering charges would likely have been granted had the motion been made and counsel's performance was deficient since he did not make such a motion.

However, defendant has failed to demonstrate how severing the different charges would likely have produced a more favorable outcome. Defendant simply argues that "[t]he psychological effect of hearing seven different cases at one time could substantially affect the most unbiased of Judges." We are not persuaded by this

---

challenge and a sufficiency of the evidence challenge. None of these alternative theories were well articulated. Moreover, because we reverse that conviction for the reasons stated, we need not address defendant's alternative theories.

**4.** Utah courts have addressed the issue of severance after a trial court has denied a defendant's motion to sever. Where the failure to sever prejudices defendant, courts generally find an abuse of discretion. *See, e.g., State v. Saunders,* 699 P.2d 738, 740–42 (Utah 1985); *State v. McCumber,* 622 P.2d 353, 356 (Utah 1980); *State v. Gotfrey,* 598 P.2d 1325, 1328 (Utah 1979). Where, however, defendant is not prejudiced by

the trial court's decision not to sever, that decision has been upheld. *See, e.g., State v. Lopez,* 789 P.2d 39, 42–43 (Utah Ct.App.1990).

**5.** The *Warren* analysis does not really add anything new to Utah law. Rule 30 of the Utah Rules of Criminal Procedure provides that "[a]ny error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded." The *Warren* analysis is helpful, however, because it encompasses the substance of rule 30 and applies it to the specific issue involved in this case.

assertion. Although the court had seven counts to consider, three of the counts concerned the same ongoing conduct of the defendant and four of the counts concerned two instances of tampering with the same two witnesses. The court's findings and conclusions carefully detail the evidentiary basis for each of its rulings. Moreover, we have traditionally assumed that judges are capable of properly sorting and evaluating evidence presented to them and are much less subject to improper influence than a lay jury. *State v. Featherson*, 781 P.2d 424, 431 (Utah 1989). Defendant has failed to offer any persuasive explanation of how severance would have produced a different outcome. Thus, any failure on the part of his counsel to request a severance was harmless.

### 3. Preliminary Hearing and Trial Dates

■ Defendant's final ineffectiveness claim is based upon trial counsel's failure to object to the preliminary hearing and trial dates and to request more time to prepare his defense. Even assuming that defendant's trial counsel had no tactical reason for allowing the proceedings to move along at a brisk clip upon his appointment,[6] defendant has not demonstrated how his defense suffered from that decision. He has not demonstrated what could have been done differently, either at the preliminary hearing or the trial, with more time for the defense to prepare, nor how any such measures might have achieved a more favorable outcome.[7] *See Frame*, 723 P.2d at 406 (defendant failed to explain

how "purported lack of advance preparation was prejudicial to him"). Because defendant has failed to demonstrate the likelihood of a more favorable outcome, we do not need to decide whether trial counsel's decision not to request more preparation time was in fact deficient. *Id.* at 405; *State v. Pursifell*, 746 P.2d 270, 275 (Utah Ct.App.1987).

### TESTIMONY CONCERNING APRIL'S TRUTHFUL CHARACTER

At oral argument, defendant's appellate counsel argued that the testimony of one of April's school teachers was improper under *State v. Rimmasch*, 775 P.2d 388 (Utah 1989).[8] This issue was not raised or discussed in defendant's brief and we are not entirely clear about the basis for defendant's argument in this regard.

*Rimmasch* dealt specifically with the testimony of experts. Moreover, the testimony which the Court found objectionable in *Rimmasch* was testimony concerning the witness's truthfulness on a particular occasion. *Id.* at 391–93. The Court distinguished this kind of testimony from testimony concerning a witness's truthfulness generally. *Id.* at 391–92. We fail to see how *Rimmasch* can be the basis for objecting to the teacher's testimony. She gave testimony about her general experience with April. She testified about April's ability to communicate, about her truthfulness generally, and about her sense of right and wrong. She was not qualified as an expert and gave no testimony about any of the

6. Of course, the state has the burden of proving the defendant's guilt. In many cases, speeding the preliminary hearing and trial process may work more to the disadvantage of the state than of the defense especially where, as here, defendant's own testimony constitutes the bulk of his defense while the state's strategy is more intricate. Defense counsel may well have had this in mind when he chose to move the trial along, although the strategy would appear to have been viable only as concerns the six charges filed in October. As to the initial count, the state had already had nine months to prepare its case.

7. Defendant argued that more preparation time may have allowed his trial counsel to find testi-

mony to rebut the state's expert testimony. Even assuming this to be true, such testimony would not have affected the outcome of this case. The expert testimony which defendant finds so objectionable only supported one of the state's convictions and we are reversing that conviction in this opinion. Thus, even if we were to find that more preparation time would have permitted the defense to secure its own expert, counsel's failure would, again, be harmless.

8. Defendant's counsel on appeal conceded in oral argument that no *Rimmasch* issue arose from the testimony of any of the state's "expert" witnesses. Thus, we need not discuss *Rimmasch* in regard to their testimony.

charges involved in this case. Clearly, *Rimmasch* does not apply.

 Defendant's argument is more appropriately based upon the express language of Rule 608(a)(2) of the Utah Rules of Evidence. That rule provides, with our emphasis, that "evidence of truthful character is admissible only *after* the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." *Id.* Having reviewed the record in this case, it appears that April's character for truthfulness was not challenged by the defendant. Thus, it was improper for the state to bolster her character through the testimony of her teacher and defendant's trial counsel should have objected to that testimony. Nevertheless, defendant has not argued and we do not find that the admission of the teacher's testimony had any prejudicial effect. The trial court heard the testimony of April and found her testimony to be "very clear, and very precise · ..., and very believable." Nothing in the record suggests that the court based its conclusion concerning April's truthfulness on the teacher's testimony or on anything but its own observations of April.

## CONCLUSION

Although defendant's trial counsel may not have handled defendant's case in all respects as he should have done, defendant may only prevail if he can demonstrate prejudice from that deficient performance. Defendant has only demonstrated prejudice as concerns one of his claims. The trial court erroneously interpreted § 76–5–411 and improperly admitted hearsay testimony based upon that interpretation. Defendant's trial counsel should have objected and argued the correct interpretation of § 76–5–411. Because one of defendant's forcible sexual abuse convictions was based in part upon that hearsay testimony, we reverse and remand for a new trial on that count.

We affirm defendant's other convictions. Due to the express language of Utah Code Ann. § 76–3–401 (1978) and the court's failure to specify that defendant's convictions would run consecutively, his sentences shall run concurrently.

GREENWOOD and JACKSON, JJ., concur.