STATE of Utah, Plaintiff, Petitioner, and Cross–Respondent,

v.

Jack Hyrum HALLETT, Defendant, Respondent, and Cross–Petitioner.

Nos. 900536, 900538.

Supreme Court of Utah.

April 20, 1993.

Rehearing Denied July 27, 1993.

R. Paul Van Dam, Atty. Gen., David B. Thompson, Kenneth A. Bronston, Asst. Attys. Gen., Salt Lake City, for plaintiff of Utah.

Curtis Nesset, Salt Lake City, for defendant.

DURHAM, Justice:

Defendant Jack Hallett was convicted in December 1984 of three counts of forcible sexual abuse, a second degree felony under Utah Code Ann. § 76-5-404, and four counts of tampering with a witness, a third degree felony under Utah Code Ann. § 76-8-508.[1] He did not appeal his convictions, but in December 1988, he sought a writ of habeas corpus, claiming ineffective assistance of counsel at trial, trial court error, and denial of his right to appeal due to the failure of the court and his attorney to advise him of this right. The Third District Court found that Hallett had been denied effective assistance of counsel at trial and also that he had been denied his right to appeal. It granted his petition, ordered his immediate release, and denied the State's motion for a stay pending appeal.

The State appealed, and the court of appeals summarily reversed the district court's order. The court of appeals then issued a common law writ of certiorari to provide direct review of Hallett's convictions. It affirmed six of his convictions and reversed and remanded the seventh on the ground of ineffective assistance of counsel. *State v. Hallett,* 796 P.2d 701, 704 (Utah Ct.App.1990). Both Hallett and the State appeal. We affirm.

The opinion of the court of appeals fails to reveal the complex procedural history of this case, which is critical to understanding its holding. The court of appeals summarily vacated the district court's order and treated the case as a direct appeal. In its summary order, the court of appeals cited *Boggess v. Morris,* 635 P.2d 39, 43 (Utah 1981), but failed to repeat or explain that reliance in its subsequent opinion. *Hallett,* 796 P.2d at 703. While we agree with this application of *Boggess,* we comment on it because it has engendered a great deal of confusion, as reflected in Hallett's arguments before this court.

In *Boggess,* this court used the common law writ of certiorari to conduct a direct review of a defendant's conviction where his right to appeal had been denied:

> [W]here the facts [supporting defendant's alleged denial of his right to appeal] have already been established by findings in a habeas corpus proceeding, it would be needlessly circular to require that defendant return to the district court to re-establish the facts by a post-conviction hearing and then to be resentenced to qualify for a direct appeal.

635 P.2d at 42. Here, too, the habeas court found that the defendant had been denied his right to appeal. The court of appeals was therefore correct in applying *Boggess* to the instant case and conducting a direct review of Hallett's convictions. Furthermore, the court properly ignored the habeas court's rulings on the merits of Hallett's claims with the exception of the denial of the right to appeal. However, the opinion should have described the procedural history and identified *Boggess* as the basis for reviewing Hallett's case in the posture of a direct appeal.

---

1. For further detail regarding the trial, see *State v. Hallett,* 796 P.2d 701, 703 (Utah Ct.App.1990).

*Boggess* dictates the procedure for the court of appeals to follow in deciding the present case and future cases like it. The proper application of *Boggess* may be somewhat confusing because it was decided prior to the creation of the court of appeals. In *Boggess*, this court, then the state's only appellate court, conducted the direct appeal that had been improperly denied. With the advent of the court of appeals, the appropriate forum for direct appeal from second and third degree felony convictions shifted to that court; thus, the court of appeals correctly performed the review function that this court undertook in *Boggess*.

■ To prevent confusion in future cases, we distill the following rule from *Boggess:* Once a trial court on habeas review determines that a defendant has been denied the constitutional right to appeal, a direct appeal should be provided immediately,[2] without adjudication of any other claims, such as ineffective assistance of counsel. In the instant case, once the trial court determined that Hallett had been denied his right to appeal, the appropriate remedy was to provide appellate review; the trial court should not have gone on to consider on the merits the other claims raised in the habeas proceeding. Doing so violated the principle that a habeas proceeding is not a substitute for an appeal. *Boggess*, 635 P.2d at 41 n. 3. Moreover, it gave Hallett an adjudication on the merits to which he was not entitled. Thus, the trial court's adjudication on the merits of Hallett's trial-related claims was not proper once it had determined that he had been denied his right to appeal.

■ It is odd, however, that the district court in the habeas proceeding was convinced that the entire criminal proceeding had been tainted by ineffective assistance of counsel, while the court of appeals concluded that the deficiency undermined only one of seven convictions. *Hallett*, 796 P.2d at 708. In view of this disparity, we have independently reviewed Hallett's ineffective assistance of counsel claims, which pose a mixed question of fact and law. *State v. Templin*, 805 P.2d 182, 186 (Utah 1990).

■ In considering claims of ineffective assistance of counsel, Utah courts have consistently applied the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Accordingly, a defendant who raises such a claim "must show both that his or her counsel rendered a deficient performance in some demonstrable manner and 'that a reasonable probability exists that except for ineffective counsel, the result would have been different.'" *State v. Verde*, 770 P.2d 116, 118 (Utah 1989) (quoting *State v. Lovell*, 758 P.2d 909, 913 (Utah 1988)).

■ The district court found numerous instances of deficient performance by Hallett's counsel. Specifically, it found that trial counsel failed to request sufficient time to prepare for the preliminary hearing and trial, neglected to ask Hallett if he agreed or disagreed with the amendment of the degree of two charges of forcible sexual abuse,[3] and did not adequately advise Hallett of his right to appeal. However, nowhere did the district court make any finding of prejudice as a result of these deficiencies, nor does it appear from the record that the court even considered prejudice. Thus, it appears that the district court failed to apply the second requirement of the ineffectiveness test under *Strickland* and *Verde*.

The court of appeals considered three of the numerous allegations of ineffective assistance and found two instances in which counsel was deficient.[4] *Hallett*, 796 P.2d

---

**2.** The direct appeal should be provided by means of the resentencing procedure outlined in *State v. Johnson*, 635 P.2d 36, 38 (Utah 1981).

**3.** The State had mistakenly charged two of the counts of forcible sexual abuse as third degree felonies, and it moved to correct this error at the start of the trial. Hallett's counsel did not object, and the informations were amended to charge the counts as second degree felonies.

**4.** On the third claim, the court found that Hallett had not satisfied the prejudice requirement. Consequently, it did not address whether his counsel was deficient. 796 P.2d at 707.

at 704–07. However, it concluded that only one of the deficiencies was so significant as to prejudice defendant. *Id.* at 705, 708. Specifically, the court of appeals held that trial counsel's failure to object to the trial court's erroneous construction of Utah Code Ann. § 76–5–411 was clearly deficient but that it prejudiced only one count.

At the time of Hallett's trial, section 76–5–411 provided in pertinent part that a child victim's out-of-court statements regarding sexual abuse were admissible under certain circumstances and defined a child as a person under ten years of age. Utah Code Ann. § 76–5–411(3) (Supp.1983).[5] The trial court erroneously assumed that "age" meant mental as well as chronological age. Relying on that interpretation, it allowed other witnesses to present the out-of-court statements of the victim, who was nineteen at the time of trial but whose mental age was between eight and nine years.

The court of appeals, however, concluded that the statute contemplated only chronological age. *Hallett,* 796 P.2d at 705 (citing *In re R.D.S.,* 777 P.2d 532, 537 (Utah Ct. App.1989)). Furthermore, the court of appeals noted that even before the decision in *R.D.S.,* no reason existed to believe that the legislature intended any definition of "age" other than its common one. *Id.* Because hearsay testimony admitted as a result of the erroneous construction was the basis for only one of the three forcible sexual abuse counts, the court concluded that counsel's deficiency prejudiced only that single count. *Id.*

Based on that analysis, the court of appeals reversed and remanded for a new trial on the first count and affirmed the other six convictions. *Id.* at 708. Having independently reviewed the record, we agree with the conclusion reached by the court of appeals. Our review suggests that, if anything, the court of appeals was highly solicitous of Hallett's claims.

We now consider the State's appeal. The State argues that the court of appeals erred in concluding that Hallett's trial

counsel was ineffective and, in so ruling, erected a new standard for attorney competence. We disagree.

The State contends that trial counsel's failure to object to the erroneous construction of the term "age" does not meet the test for deficient performance we articulated in *State v. Frame,* 723 P.2d 401, 405 (Utah 1986). Specifically, the State maintains that trial counsel's failure was not "outside the wide range of professionally competent assistance" expected of counsel. *Id.* Moreover, the State argues that by defining this failure to object as deficient, the court of appeals has lowered the standard a defendant must meet to establish ineffective assistance of counsel.

We are not persuaded. The court of appeals noted that no legislative history, usage, or other authority suggested that "age" as it was used in section 76–5–411 meant anything other than its dictionary definition. *Hallett,* 796 P.2d at 705. Yet the trial court admitted the hearsay statements of the nineteen-year-old victim despite the fact that the statute applied explicitly only to children under ten. *Id.* A reasonably competent attorney would have objected, and we agree with the court of appeals' conclusion that counsel was "clearly remiss" in not doing so. *Id.*

The State relies on footnote 2 of the opinion, which states that counsel's performance was not "particularly egregious." *Id.* n. 2. Read alone, that footnote might suggest that counsel's performance did not fall below the level set forth in *Frame.* However, such a reading would conflict with the clear import of the text and the holding. Therefore, we remain convinced that counsel rendered ineffective assistance and that the court of appeals correctly applied the *Frame* test in reaching that decision.

We have considered Hallett's remaining arguments and find them to be without merit. We therefore affirm the judgment of the court of appeals.

---

5. This section has since been amended. Section 76–5–411 now defines "child" as a "person un-

der fourteen." Utah Code Ann. § 76–5–411(4) (Supp.1990).

HALL, C.J., HOWE, Associate Chief Justice, and STEWART, J., concur.

ZIMMERMAN, J., concurs in the result.