**STATE of Utah, Plaintiff and Appellee,**

v.

**Jose M. JIMINEZ, Defendant and Appellant.**

No. 960208.

Supreme Court of Utah.

March 21, 1997.

Jan Graham, Att'y Gen., James H. Beadles, Asst. Att'y Gen., Charles D. Behrens, Jr., Salt Lake City, for plaintiff and appellee.

G. Fred Metos, Salt Lake City, for defendant and appellant.

HOWE, Justice:

Defendant Jose Jiminez appeals from his conviction of rape of a child, a first degree felony. He was sentenced to prison for an indeterminate term of five years to life. He timely moved for a new trial on the ground that newly discovered evidence would have resulted in a more favorable verdict. The trial court held a hearing on the motion but denied it after argument and without taking additional evidence. It entered an unsigned minute entry on November 14, 1994, which gave no specific reasons for the denial. Defendant filed his notice of appeal eleven days later, on November 25. Two months later, on January 25, 1995, the trial court signed a formal written order denying the motion for a new trial, stating that "the evidence presented by defendant does not rise to the level contemplated by rule 24 of the Utah Rules of Criminal Procedure."

■ We must dismiss defendant's appeal because his notice of appeal was prematurely filed. Utah Rule of Appellate Procedure 4(b) specifies, "A notice of appeal filed before the disposition of [a motion for a new trial] shall have no effect." In *Swenson Associates Architects v. State*, 889 P.2d 415, 416 (Utah 1994), the plaintiff filed a timely post-trial motion, which was denied in a signed minute entry. The plaintiff filed his appeal within thirty days of this minute entry but four days before the court issued its written order denying the new trial motion. We ruled that this court lacked jurisdiction because the plaintiff had filed his notice of appeal before the trial court entered its order. Defendant seeks to distinguish this case from *Swenson* on the ground that the unsigned minute entry entered by the trial court in the instant case did not direct either counsel to prepare

a formal written order denying the motion, as was the case in *Swenson*. That distinction is unavailing since the minute entry in this case was unsigned, and we have consistently dismissed appeals from unsigned minute entries. *See, e.g., South Salt Lake v. Burton*, 718 P.2d 405 (Utah 1986) (citing numerous cases holding same).

■ In dismissing the appeal, we recognize that our action may deprive this defendant of his constitutional right to an appeal. Therefore, he may file a petition for a writ of habeas corpus in the trial court under Utah Code Ann. §§ 78-35a-101 to -110. The trial court should then follow the procedure outlined in Utah Rule of Civil Procedure 65(c). As we wrote in *State v. Hallett*, 856 P.2d 1060, 1062 (Utah 1993), "Once a trial court on habeas review determines that a defendant has been denied the constitutional right to appeal, a direct appeal should be provided immediately, without adjudication of any other claims, such as ineffective assistance of counsel." The direct appeal is provided by means of the resentencing procedure outlined in *State v. Johnson*, 635 P.2d 36, 38 (Utah 1981).

Appeal dismissed.

ZIMMERMAN, C.J., and DURHAM and RUSSON, JJ., concur in Justice HOWE'S opinion.

STEWART, Associate Chief Justice, dissenting:

I dissent. I would bring the case on direct review. Because defendant's right to direct appeal, which the majority concedes may have been violated in this case, is founded in article I, section 12 of the Utah Constitution, this case is distinguishable from *Swenson Associates Architects v. State*, 889 P.2d 415, 417 (Utah 1994), a case involving a civil appeal. In *Boggess v. Morris*, 635 P.2d 39, 42–43 (Utah 1981), we sua sponte employed the common law writ of certiorari to bring the record of a criminal case on direct review. We did so for the purpose of avoiding the "needlessly circular" process invoked by the majority in this case. Defendant will now be subjected to the greater burdens and disadvantages attending the civil procedure of

demonstrating ineffective assistance of counsel rather than being able to immediately pursue his case under the more expansive rights and privileges attending a direct review, which are guaranteed to him by the Utah Constitution. Requiring defendant to traverse the procedures set forth in *Hallett* and *Johnson* is an unnecessary waste of defendant's, the State's, and the judicial system's time, money, and effort.