**STATE of Utah, Plaintiff and Appellee,**

v.

**George WAREHAM, Defendant and Appellant.**

**No. 890401.**

Supreme Court of Utah.

Nov. 9, 1990.

Robert Van Sciver, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, David B. Thompson, Salt Lake City, for plaintiff and appellee.

HALL, Chief Justice:

Defendant George Wareham appeals from the denial of his motion to reduce the degree of offense from aggravated sexual abuse of a child, a first degree felony, to sexual abuse of a child, a second degree felony.

In a two-day jury trial, George Wareham was convicted of aggravated sexual abuse of his youngest daughter, and final judgment was rendered on June 13, 1986. At trial, Wareham's two oldest daughters testified that prior to the onset of puberty defendant had sexually abused each of them on numerous occasions. The twenty-one-year-old testified that the abuse began when she was five and continued at least once weekly until she was twelve. The sixteen-year-old testified that the abuse began when she was approximately seven and continued four to five times weekly until she was twelve.

The trial court enhanced Wareham's sentence pursuant to Utah Code Ann. § 76–5–404.1 (Supp.1984), which reads in pertinent part:

> (1) A person commits sexual abuse of a child, if, under circumstances not amounting to rape of a child, object rape of a child, or sodomy upon a child or an attempt to commit any of these offenses, the actor touches the anus, buttocks, or genitalia of a child who is under the age of 14, or touches the breast of a female child who is under the age of 14, or otherwise takes indecent liberties with a child, or causes a child to take indecent liberties with the actor or another, with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.
>
> (2) Sexual abuse of a child is punishable as a felony of the second degree.
>
> (3) *A person commits aggravated sexual abuse of a child when in conjunc-*

*tion with the offense described in Subsection (1) any of the following circumstances have been charged and admitted or found true in the action for the offense:*

*...;*

(g) *The accused committed, in Utah or elsewhere, more than five separate acts, which if committed in Utah would constitute an offense described in this chapter, and were committed at the same time, or during the same course of conduct, or before or after the instant offense;*

*...;*

(4) *Aggravated sexual abuse of a child is punishable as a felony of the first degree by imprisonment in the state prison for a term which is a minimum mandatory term of 3, 6, or 9 years and which may be for life.*

(Emphasis added.)

Subsequent to his conviction and while the case was on appeal the first time, Wareham applied for a certificate of probable cause pursuant to Utah Code Ann. § 77–35–27(3)(b) (1982).[1] In a hearing on June 13, 1986, the trial court granted the certificate of probable cause and stayed the execution of the sentence; however, bail was denied. At the June 13 hearing, the trial court entered judgment, sentence and commitment against Wareham.

We affirmed Wareham's conviction on March 31, 1989.[2] Upon remittitur of the case back to the trial court, however, Wareham asserted that the activities aggravating the crime under subsection (3)(g)—the sexual abuse of his two oldest daughters—were committed prior to the date the enhancement statute became effective and therefore could not be considered as enhancing acts because of the doctrine of ex post facto. Consequently, Wareham filed a motion to reduce the sentence[3] pursuant to Utah Code Ann. § 76–3–402(1) (1983), which states:

(1) If the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and character of the defendant, concludes that it would be unduly harsh to record the conviction as being that category of offense established by statute and to sentence the defendant to an alternative normally applicable to that offense, the court may unless otherwise specifically provided by law, enter a judgment of conviction for the next lower category of offense and impose sentence accordingly.

In a hearing on August 21, 1989, the trial court denied the motion to reduce the sentence, based upon Utah Code Ann. § 76–3–406(1) (Supp.1986), which states:

(1) Notwithstanding Section 76–3–201 and 77–18–1, and Chapter 16, Title 77, and any other provision of law, except as provided in Section 76–5–406.5, probation shall not be granted, the execution or imposition of sentence shall not be suspended, *the court shall not enter a judgment for a lower category of offense*, and hospitalization shall not be ordered, the effect of which would in any way shorten the prison sentence for any person who commits a felony of the first degree involving: ... aggravated sexual abuse of a child, a violation of Subsection 76–5–404.1(3) and (4)....

After denying Wareham's motion to reduce the sentence, the trial court rescinded the stay of execution and reinstated the previous sentence. In reinstating the previous sentence the trial court again issued a judgment, sentence and commitment dated August 21, 1989.

---

1. Subsection (3)(b) states:

   A certificate of probable cause shall be issued if the court hearing the application determines that there are meritorious issues that should be decided by the appellate court. A certificate of probable cause may be issued by the trial court or, if denied by the trial court, by the court to whom an appeal is taken. The application for a certificate of probable cause shall be in writing, [shall] state the grounds for the issuance of the certificate and shall be served upon the prosecuting attorney. A hearing on the application for a certificate of probable cause shall be held after notice to all parties.

2. *State v. Wareham,* 772 P.2d 960 (Utah 1989).

3. Utah Rule of Criminal Procedure 22(e) states: "The court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time."

Wareham asserts that the testimony of his two oldest daughters was erroneously admitted for the purpose of establishing aggravating factors because of the doctrine of ex post facto. The ex post facto issue asserted by Wareham on this appeal is an issue that could and should have been brought in the first appeal. This appeal is, in reality, a second appeal from Wareham's conviction in the guise of an appeal from the trial court's judgment entered on August 21, 1989, and from the denial of the motion to reduce sentence. In *Boggess v. Morris*,[4] we stated:

> The ends of justice demand that a convicted defendant have an opportunity to appeal in timely fashion, but once the appellate process has concluded, society's interest in the effectiveness and integrity of the criminal justice system requires a finality of judgment that should severely limit repetitive appeals and collateral attacks.[5]

From the time that Wareham was sentenced for aggravated sexual abuse of a child under section 76–5–404.1(3)(g), his right to appeal the ex post facto issue existed. Nevertheless, Wareham chose not to raise the issue in the first appeal even though he was aware of the problem as evidenced at trial by his continuing objection to the two older daughters' testimony offered for the specific purpose of establishing aggravating circumstances.

Wareham's conviction has already been affirmed on appeal. He is not entitled to challenge the conviction through the guise of a motion to reduce the sentence, thus avoiding the consequences of waiver and res judicata.

Affirmed.

HOWE, Associate Chief Justice, and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.

