**2013 UT App 76**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

NELSON JIMENEZ,

*Defendant and Appellant.*

Per Curiam Decision
No. 20100957-CA
Filed March 28, 2013

Third District, West Jordan Department
The Honorable Terry L. Christiansen
No. 091403058

Ronald Fujino, Attorney for Appellant
John E. Swallow and Marian Decker, Attorneys for Appellee

Before JUDGES ORME, DAVIS, and MCHUGH.

PER CURIAM:

¶1     Nelson Jimenez appeals his convictions of various first degree felony charges involving sexual abuse of a child. We affirm.

¶2     Jimenez asserts that he received ineffective assistance of counsel at trial because trial counsel failed to obtain forensic examinations of the victims, failed to move to sever the charges based on the individual victims, and failed to object to prior bad acts testimony from a witness. To establish a claim of ineffective assistance of counsel, a defendant must show that "counsel's performance was deficient" and that "the deficient performance

prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶3     Jimenez first argues that trial counsel was deficient for failing to obtain forensic examinations of the victims to produce exculpatory evidence. Jimenez cannot establish that counsel performed ineffectively in this regard because he has not shown that such examinations would produce any relevant evidence given the time the abuse occurred. Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence." Utah R. Evid. 401(a). Only relevant evidence is admissible. *Id.* R. 402.

¶4     Testimony established that the abuse of the victims had ended at least two years before the disclosure of the abuse to authorities. The abuse of the eldest victim ended in roughly 1996. The abuse of the other two victims ended sometime in 2007. The victims reported the abuse in November 2009. Jimenez has not shown that there is any reasonable possibility that a physical examination of the victims years after the abuse ended would produce any relevant evidence. Accordingly, he cannot show that counsel was ineffective in not pursuing such examinations.

¶5     Jimenez next argues that counsel should have moved to sever the counts and obtain separate trials for each victim. Multiple charges may be joined in the same information if the charges are "based on the same conduct or are otherwise connected in their commission," or if they are "alleged to have been part of a common scheme or plan." Utah Code Ann. § 77-8a-1(1) (LexisNexis 2012). To establish ineffective assistance for failing to seek severance, a defendant "must demonstrate both that the motion should have been granted and 'a reasonable probability' that, but for counsel's deficient performance, the outcome of the proceeding would have been different." *State v. Hallet*, 796 P.2d 701, 706 (Utah Ct. App. 1990) (citation omitted).

¶6     Although Jimenez argues that the charges should not have been joined because the crimes were distinct in the details, we are not persuaded. It appears that the charges were properly joined as "part of a common scheme or plan." Utah Code Ann. § 77-8a-1(1). A common scheme or plan applies "when the crimes involve a similar fact pattern and proximity in time." *State v. Balfour*, 2008 UT App 410, ¶ 20, 198 P.3d 471. "To be classified as a common plan or scheme it is not necessary for the crimes to have been perpetrated in an absolutely identical manner, so long as the court perceives a visual connection between the [multiple] crimes." *Id.*

¶7     Here, there is a clear connection between the crimes. The victims were siblings, Jimenez had easy access, he began abusing each of them as preteens, the abuse extended over a long period of time, and the most prevalent type of molestation had a common fact pattern with each of the victims. Although details of the abuse each victim experienced varied some, the differences do not overcome the commonalities in a prolonged pattern of behavior. Jimenez's abuse of three siblings over more than a decade can be considered a common scheme or plan under section 77-8a-1(1)(b).

¶8     However, even when charges are properly joined they may be severed if trying them together would prejudice the defendant. *See* Utah Code Ann. § 77-8a-1(4)(a). To analyze prejudice, the court must determine "whether evidence of the other crime[s] would have been admissible in a separate trial." *Balfour*, 2008 UT App 410, ¶ 21. Typically, evidence of other crimes comes under the rubric of rule 404(b) of the Utah Rules of Evidence. Other crimes evidence is admissible for specific purposes, including showing intent and a plan. Utah R. Evid. 404(b). Additionally, although other crimes cannot be admitted to show propensity under rule 404(b), in child molestation cases such evidence may be admitted expressly for propensity under rule 404(c). *Id.* R. 404(c).

¶9     Jimenez does not address whether the testimony of other victims would have been admissible at trial if the charges were severed. Accordingly, he has not shown that a motion to sever

"should have been granted." *Hallet*, 796 P.2d at 706. As a result, he cannot show that trial counsel was ineffective for failing to move to sever the charges for separate victims.

¶10    Finally, Jimenez asserts that trial counsel was ineffective for failing to object to testimony from his ex-wife regarding the reason for their divorce in 2000. He contends that the testimony was inadmissible as prior bad acts evidence under rule 404(b). Even if counsel should have objected, which we do not decide, Jimenez cannot show any prejudice from the testimony.

¶11    To show that counsel's deficient performance prejudiced his defense, Jimenez must demonstrate that, absent counsel's error, there is a reasonable probability that the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the [verdict]." *Id.* Ex-wife unexpectedly testified in a cursory manner that one of the reasons for their divorce was Jimenez's physical abuse of her. No further explanation or detail was presented. Given the direct testimony of the three victims regarding the duration, frequency, and particulars of the sexual abuse by Jimenez, there is no reasonable probability of a different outcome without Ex-wife's testimony. The other evidence against Jimenez was overwhelming.

¶12    In sum, Jimenez fails to establish a claim of ineffective assistance of his trial counsel.[1] Affirmed.

──────────

──────────

1. In his statement of issues, Jimenez references the plain error doctrine as another means of review. However, he did not brief plain error for any single issue raised and we do not address it. *See* Utah R. App. P. 24.